DeWITT JOYNER v. T. M. DAIL AND BERT McCULLEN, PARTNERS, TRADING AS DAIL & McCULLEN.

(Filed 4 November, 1936.)

**1. Automobiles C a—Driver must ascertain that left side of road is clear before driving to the left to pass cars going in same direction.**

Evidence that the driver of a truck, in attempting to pass cars going in the same direction, pulled out in the center of the road and hit the car which plaintiff was driving in the opposite direction, causing damage to the car and injury to plaintiff, *is held* sufficient to be submitted to the jury on the question of the actionable negligence of the driver of the truck. N. C. Code, 2621 (55) (a).

**2. Trial E f—Misstatement of contentions must be brought to court's attention in apt time to be available on appeal.**

The court, after asking counsel as to their contentions in respect to matters relating to one of the issues and receiving an affirmative reply from counsel, instructed the jury that the parties agreed that the issue should be answered in the affirmative. *Held:* If the instruction on the issue was not in accord with the contentions of the party, the matter should have been brought to the court's attention in apt time in order for an exception thereto to be considered on appeal.

APPEAL by defendants from *Frizzelle, J.,* at February Term, 1936, of PITT. No error.

This is an action for actionable negligence, brought by plaintiff against defendants, in which it is alleged that the plaintiff was injured by the negligence and carelessness of one Andrew Redmond, servant and employee of the defendants, in the operation of a motor vehicle on the public highways of Pitt County. The defendants denied the allegations of the complaint and pleaded contributory negligence.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was Andrew Redmond, at the time alleged in the complaint, employed by the defendants, and acting within the scope of his employment in the furtherance of the business of said partnership? Answer: 'Yes.'

"2. Was the plaintiff injured by the negligence of the defendants' employee, as alleged in the complaint? Answer: 'Yes.'

"3. Did the plaintiff, by his own carelessness and negligence, contribute to his injury, as alleged in the answer? Answer: 'No.'

"4. What damage, if any, is the plaintiff entitled to recover of the defendants? Answer: '$650.00.' "

The defendants made numerous exceptions, assigned errors, and appealed to the Supreme Court.

*Wm. J. Bundy for plaintiff.*
*R. T. Martin for defendants.*

PER CURIAM. At the close of plaintiff's evidence and at the close of all the evidence the defendants made motions in the court below for judgment as in case of nonsuit. C. S., 567. The court below overruled these motions, and in this we can see no error.

The testimony of plaintiff is, in part, as follows: "I was on the highway just outside of Farmville town limit; I was driving an open Ford roadster; I was going from Farmville to Greenville; it was about seven or eight o'clock Sunday afternoon in October; Carrie Scott and Ada Daniel were with me; there were several cars on the road; I was driving about thirty miles an hour; I was coming from Farmville going to Greenville; there were a line of cars and I seen this truck and made for the shoulder of the road and held my arm out for the back car not to run into me, and by the time I got my arm out it come up and got my arm; I don't know what part of the truck hit me, it was done so quick; two of the wheels of my car were off the pavement; when I seen he was right on me he had come out in the center of the road to pass me and another car."

N. C. Code, 1935 (Michie), sec. 2621 (55) (a), is as follows: "The driver of a vehicle shall not drive to the left side of the center of a highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety." Section 2621 (53).

As to the first issue, the following admission is in the record: When the court below was charging the jury—"Court: Do I understand you to contend that the truck was not jointly owned? Mr. Martin: No, sir; we do not. Court: Do you contend that the driver was not acting upon that occasion within the scope of his employment? Ans.: No, sir. Court: In other words, you agree that the first issue may be answered 'Yes'? The court will not discuss that further, gentlemen, counsel having said that the jury may answer the first issue 'Yes.' "

The exceptions and assignments of error made by defendants as to the charge of the court below cannot be sustained. (1) The defendants' complaint to the charge is to certain contentions which the court below set forth as made by defendants. If they were incorrect, defendants should at the time have called the court's attention to same, which was not done. It is too well settled that after verdict it is too late to be considered on appeal. (2) On the question of damages there was no error. *Shipp v. Stage Line,* 192 N. C., 475 (478-9).

In the judgment below we find

No error.