67 S.E.2d 664 (1951)
234 N.C. 481
POWELL
v.
LLOYD.
No. 312.
Supreme Court of North Carolina.
November 21, 1951.
*665 Mull, Patton & Craven, Morganton, for plaintiff appellant.
Horton & Carter, Morganton, for defendant appellee.
VALENTINE, Justice.
The question on this appeal is the correctness of the ruling below allowing the defendant's motion for judgment of nonsuit. Defendant offered no evidence, but plaintiff's evidence made out a case of actionable negligence against her. Therefore, if the judgment of the court below is sustained, it must be upon the basis that plaintiff's own evidence proved as a matter of law that he was guilty of contributory *666 negligence. Upon a motion for nonsuit the plaintiff is always entitled to have the evidence which tends to support his position considered in the light most favorable to him. He is entitled to the benefit of every inference and intendment which reasonable minds can logically draw from his evidence. Nash v. Royster, 189 N.C. 408, 127 S.E. 356.
Unquestionably, there was abundant evidence tending to show negligence on the part of defendant. She drove her truck on a wet slippery highway in a drizzle of rain and in a heavy fog without tail lights or brake lights while meeting heavy traffic with glaring lights. She stopped her truck suddenly and without warning in the path of the plaintiff. The evidence tended to show not only a failure of defendant to observe the rules of the prudent man under the circumstances, but also showed a violation of statutes regulating the operation of motor vehicles on the highways. G.S. §§ 20-129, 20-154. Evidence of such conduct on the part of defendant was sufficient to raise a jury question upon defendant's negligence. Joyner v. Dail, 210 N.C. 663, 188 S.E. 209; Tarrant v. Pepsi-Cola Bottling Co., 221 N.C. 390, 20 S.E.2d 565; Conley v. Pearce-Young-Angel Co., 224 N.C. 211, 29 S.E.2d 740.
The burden of proving contributory negligence rests upon the defendant. By her motion for nonsuit, defendant contends that from plaintiff's evidence there was sufficient showing of contributory negligence to preclude his recovery. This calls for the application of the rule that judgment of nonsuit on the ground of contributory negligence should not be granted unless the evidence of plaintiff, taken in the light most favorable to him, establishes such negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. Dawson v. Seashore Transportation Co., 230 N.C. 36, 51 S.E.2d 921; Winfield v. Smith, 230 N.C. 392, 53 S.E.2d 251; Atkins v. White Transportation Co., 224 N.C. 688, 32 S.E.2d 209; Hampton v. Hawkins, 219 N.C. 205, 13 S. E.2d 227; Hobbs v. Drewer, 226 N.C. 146, 37 S.E.2d 121; Cole v. Koonce, 214 N.C. 188, 198 S.E. 637; Manheim v. Blue Bird Taxi Corp., 214 N.C. 689, 200 S.E. 382.
With respect to a nighttime collision, this Court has said: "The duty of the nocturnal motorist to exercise ordinary care for his own safety does not extend so far as to require that he must be able to bring his automobile to an immediate stop on the sudden arising of a dangerous situation which he could not reasonably have anticipated. Any such requirement would be tantamount to an adjudication that it is negligence to drive an automobile on a highway in the nighttime at all. * * *
"It is a well established principle in the law of negligence that a person is not bound to anticipate negligent acts or omissions on the part of others; but in the absence of anything which gives or should give notice to the contrary, he is entitled to assume and to act upon the assumption that every other person will perform his duty and obey the law and that he will not be exposed to danger which can come to him only from the violation of duty or law by such other person." Chaffin v. Brame, 233 N.C. 377, 64 S.E.2d 276, 279, and cases there cited.
In examining the evidence in the instant case in the light of the applicable principles of law, we have this factual situation: On the evening of October 7, 1949, the defendant was operating a pickup truck in an easterly direction along Highway 70 around a curve between Morganton and Valdese. It was after dark in the evening, had been raining and at the time was drizzling rain and very foggy. The hard surface highway was slick. The road was undergoing repairs and some barricades had been placed along the southern half of the highway, but there were no barricades for a considerable distance in front and behind defendant's truck. Defendant had no tail lights burning and no brake light in operation. Plaintiff was riding his motorcycle in the same direction behind defendant's truck. At the point of collision, a number of automobiles with "lights shining high" were meeting plaintiff and defendant. The *667 lights of the oncoming cars did not completely blind plaintiff, but interfered with his vision so that he could not see the road ahead clearly. When plaintiff got within 30 feet of defendant, she suddenly and without warning of any kind stopped her truck on the highway directly in front of plaintiff, a distance of 175 feet before she reached the barricade ahead. Plaintiff applied his brakes, which were in good condition, and turned to the right in an effort to miss defendant's truck. He nearly got around the truck, but the back portion of his motorcycle caught the right end of the rear bumper of defendant's truck in such a way as to crush and break his leg, thereby seriously and permanently injuring him. His motorcycle came to rest with the front wheel in the edge of the ditch and the rear wheel still on the hard surface portion of the highway. Plaintiff could not turn to the left because of defendant's position on the highway and the presence of oncoming traffic. He dimmed his lights in recognition of the rights of approaching motorists. There was no evidence that plaintiff drove his motorcycle at any time at a rate of speed greater than 15 or 20 miles per hour. The hard surface portion of the highway was 18 feet with 3 feet shoulders on each side. Plaintiff applied his brakes, but a complete application of the brakes upon a wet road may have produced more disastrous results. Defendant admitted full responsibility without attributing any negligence to the plaintiff.
In these circumstances requiring instant action, the plaintiff according to his testimony did not have sufficient time to meditate and deliberate on the course of action necessary for best results, and in judging his conduct consideration must be given to the sudden emergency with which he was confronted. He should not be held to the same deliberations or circumspection as are required in ordinary conditions. Hinton v. Southern R. Co., 172 N.C. 587, 90 S.E. 756. "The standard of conduct is that of the prudent man under like circumstances. According to plaintiff's testimony the emergency was created by the negligent conduct of the defendants. Under these circumstances the rule is stated in Ingle v. Cassady, 208 N.C. 497, 181 S.E. 562, 563, as follows: `One who is required to act in emergency is not held by the law to the wisest choice of conduct, but only to such choice as a person of ordinary care and prudence, similarly situated, would have made.'" Winfield v. Smith, supra [230 N.C. 392, 53 S.E.2d 255]; Butner v. Spease, 217 N.C. 82, 6 S.E.2d 808; Beck v. Hooks, 218 N.C. 105, 10 S.E.2d 608; Sparks v. Willis, 228 N.C. 25, 44 S.E.2d 343; Wall v. Bain, 222 N.C. 375, 23 S.E.2d 330.
The plaintiff can not be charged with contributory negligence as a matter of law merely because he did not stop when the high shining lights of oncoming traffic partially blinded him and interfered with his vision of the road ahead. This principle has been fully recognized and applied in this jurisdiction. Cummins v. Southern Fruit Co., 225 N.C. 625, 36 S.E.2d 11; Leonard v. Tatum & Dalton Transfer Co., 218 N.C. 667, 12 S.E.2d 729; Cole v. Koonce, supra; Williams v. Frederickson Motor Express Lines, 198 N.C. 193, 151 S.E. 197; Clarke v. Martin, 215 N.C. 405, 2 S.E.2d 10. Whether the plaintiff could have avoided the collision and its resulting injury or whether his conduct was different from that of any reasonably prudent man in the same or similar circumstances are questions about which reasonable minds may honestly differ. We can not say as a matter of law that the single inference of contributory negligence and no other may be drawn from plaintiff's evidence.
Therefore, the judgment of the court below is
Reversed.
BARNHILL, J., dissenting
WINBORNE and DENNY, JJ., concur in dissent.
BARNHILL, Justice (dissenting).
The statement of facts contained in the majority opinion presents a general picture of the circumstances surrounding the collision which is the basis of this action. Yet, in my opinion, some of plaintiff's testimony is, under the circumstances of this *668 case, given undue weight, while portions thereof are not accorded their proper significance. On the question of nonsuit, the statute, G.S. § 1-183, requires us to consider all the testimony of plaintiff in the light most favorable to him. This does not authorize us to minimize or ignore uncontradicted, unequivocal, positive facts to which plaintiff himself testified. Atkins v. White Transportation Co., 224 N.C. 688, 32 S.E.2d 209.
Plaintiff and defendant were traveling eastward on Highway 70, going from Morganton toward Valdese, in a curve, and the accident happened about the center of the curve. The south side of the roadthe plaintiff's and defendant's right-hand side was under repair, and fifteen or twenty barricades were placed along the road to prevent travel on that side. This, in effect, converted the road into a one-lane highway, vehicles going east being required, as they met oncoming traffic, to turn to the right, decrease speed or stop if at or near a barricade, and permit the west-bound vehicles to pass in safety. This condition was known to the plaintiff.
Non constat defendant's truck had no tail light, plaintiff had seen and knew the truck was traveling ahead. He saw it when he was 50, 75, or 100 feet to the rear and it was within his view as they proceeded along the highway. The truck stopped suddenly. The driver gave no hand signal of her intent to stop. No brake light came on as she applied her brakes. These are facts which could not be within his knowledge unless he could see the truck at the time. That he saw it is implicit in his testimony, or else all that he said in that respect was without foundation in fact.
Hence, this is not a case of ordinary travel, where the motorist to the rear has no cause to anticipate that the forward vehicle will stop, but may assume that it will continue on its way. Here plaintiff was on constant notice that defendant's driver might be compelled to stop at any moment, and the nearness of the oncoming traffic gave him positive warning that moment was at hand. The notice thus accorded plaintiff was as positive and direct as any hand signal or brake light could have been.
The absence of a tail light has no material bearing on this case. It is required so as to give notice to vehicles approaching from the rear. As plaintiff had already seen the truck and knew of its presence, no further notice was essential, and the observed absence of such light "put him on notice that he could not rely upon these lights." Austin v. Overton, 222 N.C. 89, 21 S.E.2d 887, 889. Likewise, the statement of the driver, "It is my fault", has no particular significance in respect to the question of contributory negligence. At most it only concedes the truck driver's own negligence. Austin v. Overton, supra.
If there was any sudden emergency, it was created, in part at least, by plaintiff in driving so close to the truck, with full knowledge the truck would be compelled to stop on account of the oncoming traffic, that he could not stop or even attempt to stop without creating a dangerous situation. Being a party to the creation of the emergency, he cannot invoke the sudden emergency doctrine in exculpation of his own conduct.
The rule of sudden emergency cannot be invoked by one who has brought that emergency upon himself by his own wrong or who has not used due care to avoid it. 1 Blashfield, pt. 2, p. 547, sec. 669, and numerous cases cited in notes. See also 38 AJ 876; Bentson v. Brown, 186 Wis. 629, 203 N.W. 380, 38 A.L.R. 1417; Anno. 37 L.R.A.,N.S., 54.
Plaintiff was gradually gaining on the truck. He was 75 or 100 feet behind when he first saw it and was within 30 feet when he saw it stop suddenly in the middle of the road. At that time he was so close to the truck that he knew, not only that he could not stop but also, that it was dangerous to attempt to stop by the full application of his brakes. "I knew if I tried to stop I would slide on."
Under these circumstances as disclosed by this record, it would seem to me that the conclusion plaintiff, by his own negligent conduct, materially contributed to the creation *669 of the emergent situation about which he complains is inescapable.
So the case comes to this. The plaintiff was rounding a curve on a one-lane road, traveling to the rear of a truck he saw and knew was ahead. He was aware that vehicles approaching from the opposite direction would force the truck to turn to the right, stop, and yield the right of way, and that he would have to do likewise. He was aware of the wet, slippery condition of the road, and he saw the oncoming traffic which was so close the lights affected his capacity to see. He knew that this indicated the truck would likely be compelled to stop. Yet he continued to narrow the distance between him and the truck to such an extent that when it did stop, he was so close it was impossible for him to avoid the collision. If this does not indicate that he drove head on into a dangerous situation and failed to exercise due care for his own safety, I find it difficult to perceive how the operator of a vehicle could be held guilty of negligence as a matter of law when he plows into a vehicle he knows is just ahead.
A motorist is held to the duty of seeing what he ought to have seen. Wall v. Bain, 222 N.C. 375, 23 S.E.2d 330; Cox v. Lee, 230 N.C. 155, 52 S.E.2d 355. A fortiori he is charged with the duty to regard and pay due attention to the conditions he actually knows and observes and which materially affect his duty to exercise due care under the circumstances then existing. Therefore, the case comes squarely within the first line of decisions cited in Tyson v. Ford, 228 N.C. 778, 47 S.E.2d 251.
Chaffin v. Brame, 233 N.C. 377, 64 S.E. 2d 276, relied on in the majority opinion is clearly distinguishable. In that case the circumstances were such that the plaintiff did not know of the presence of defendant's parked truck until the very moment of the collision. Barlow v. City Bus Lines, 229 N.C. 382, 49 S.E.2d 793, is similarly distinguishable.
There is a presumption in favor of the judgment entered, and the burden rests upon the appellant to show error. This, in my opinion, he has failed to do. I therefore vote to affirm.