BRAXTON ROUSE v. PRESTON E. JONES, ESQUI R. JONES AND WALTER T. SHIVAR, A MINOR, BY HIS GUARDIAN AD LITEM, WILLIE T. SHIVAR, AND WILLIE T. SHIVAR.

(Filed 3 May, 1961.)

**1. Trial § 22—**

On motion to nonsuit, plaintiff is entitled to have the evidence considered in the light most favorable to him.

**2. Automobiles § 14—**

A motorist is forbidden by statute to attempt to pass another vehicle travelling in the same direction unless the left side of the highway is clearly visible and is free of oncoming traffic for a sufficient distance to permit him to pass the other vehicle in safety, and the violation of this statutory provision is negligence. G.S. 20-150(a).

**3. Automobiles 41d— Evidence held for jury on issue of negligence in attempting to pass before ascertaining the movement could be made in safety.**

Evidence tending to show that a motorist, at nighttime, overtook and attempted to pass another vehicle which was travelling at the maximum legal speed, that he pulled to the left from a position close to the rear of the preceding vehicle, which thus partially obstructed his vision, that the attempt to pass was made while travelling upgrade, approaching a slight curve, that upon seeing an approaching vehicle he speeded-up in an attempt to regain the right side of the highway, and collided with the vehicle travelling in the same direction, resulting in injuries to his passenger, *is held* sufficient to be submitted to the jury on the question of such motorist's negligence and that such negligence was a proximate cause of the injury.

**4. Automobiles § 39—**

Evidence that a motorist, after sideswiping a car travelling in the same direction, ran off the pavement, down an enbankment, and through a swampy area 375 feet, struck a tree which knocked off one of the doors of the vehicle, *is held* to warrant a finding of excessive speed.

**5. Automobiles § 25—**

It is negligence to drive a motor vehicle upon a public highway at a speed that is greater than is reasonable and prudent under the existing circumstances. G.S. 20-141 (a) (c).

**6. Negligence § 7—**

Proximate cause is an inference of fact drawn from other facts and circumstances, and is ordinarily a question for the jury.

**7. Automobiles § 14—**

It is negligence *per se* for a motorist to increase the speed of his vehicle while another motorist, travelling in the same direction, is attempting to pass. G.S. 20-151.

**8. Automobiles § 41d—**

Evidence that one motorist, while another motorist travelling in the same direction was abreast in attempting to pass, increased his speed, even though he saw, or in the exercise of due care should have seen, a third vehicle approaching from the opposite direction, *is held* sufficient to be submitted to the jury on the issue of negligence, even though the attempt by the second motorist to pass was, under the circumstances, in violation of statute and negligent.

**9. Negligence § 1—**

Even though a person is not under duty to anticipate negligence on the part of another, when such other has created a perilous condition by his negligence, the first is under duty to take such action as an ordinarily prudent person would take in order to avoid injury after he discovers, or should discover in the exercise of ordinary care, the impending danger.

**10. Negligence § 7—**

There may be more than one proximate cause of an injury, and if the negligent acts of two persons join and concur in producing an injury, they are jointly and severally liable therefor, even though they act independently of each other.

**11. Negligence § 8—**

The doctrine of intervening negligence relates to proximate cause, and the negligence of one party cannot insulate that of another when the injury from the perilous condition created by the acts of the first is reasonably forseeable and the negligence of the second remains active to the very moment of the injury.

**12. Negligence § 28—**

Where the court fully charges upon proximate cause, it is not ordinarily required that the court elaborate its definition thereof by charging in regard to insulating negligence unless there is an apt request therefor supported by evidence.

**13. Negligence § 3—**

The question of whether defendant used due care in an emergency is ordinarily for the jury.

**14. Same—**

A defendant may not invoke the doctrine of sudden emergency if his own negligence brings on such emergency.

APPEAL by defendants from *Parker, J.,* October 1960 Civil Term of LENOIR.

This is a civil action, instituted 3 February 1959, to recover damages for personal injuries resulting from a collision of automobiles.

The collision occurred about 10:30 P.M. on 21 November 1957 on the Jones Road, a rural paved highway, in Lenoir County. Plaintiff was a gratuitous guest passenger in an automobile owned by defendant

Esqui R. Jones and operated by defendant Preston E. Jones, son of the owner. The Jones car was proceeding southwardly along the Jones Road and was following and overtaking an automobile operated by defendant Walter T. Shivar and owned by his father, Willie T. Shivar. Jones, while on a slight upgrade and approaching a slight curve, blinked his lights and sounded his horn as indications of his intention to pass Shivar, and pulled to his left in an attempt to do so. At this moment, and while the Jones and Shivar cars were about abreast, the lights of a meeting car appeared. The meeting car was approaching at a distance of from 100 to 200 feet away. Jones "stepped on the accelerator" and pulled to the right. His car collided with the Shivar car. Both vehicles went off the highway to the right. Plaintiff was seriously injured.

It is admitted that the negligence, if any, of the drivers is imputed to their respective fathers, the car owners, under the family purpose doctrine. Hereinafter when Jones and Shivar are named the reference is to the operators of the vehicles.

Plaintiff alleges that defendant Jones was negligent in that he was driving at a speed greater than was reasonable and prudent under the circumstances, attempted to pass without first ascertaining that the movement could be made in safety, failed to maintain a proper lookout, attempted to pass the Shivar car while it was meeting another vehicle and while the Shivar car was travelling at an unreasonable and excessive rate of speed, failed to pass at least two feet to the left of the Shivar car, drove again to the right side of the highway before he was safely clear of the Shivar car, and operated an automobile improperly equipped with lights.

Plaintiff alleges that defendant Shivar was negligent in that he operated an automobile at a speed greater than was reasonable and prudent under the circumstances, increased speed while the Jones car was passing, failed to give way to the right, and continued at an excessive speed when he saw the meeting car and realized that Jones would immediately attempt to turn into the right traffic lane.

Plaintiff further alleges that the negligence of Jones and Shivar concurred to cause the collision and that the negligence of each was a proximate cause of the collision and the resulting injury to plaintiff:

Issues were submitted to and answered by the jury as follows:

"1. Was the plaintiff injured by the negligence of the defendants, Preston E. Jones and Esqui R. Jones, as alleged in the complaint? Answer: Yes.

"2. Was the plaintiff injured by the negligence of the defendants, Walter T. Shivar, by his Guardian Ad Litem, Willie T. Shivar, and Willie T. Shivar, as alleged in the complaint? Answer: Yes.

"3. What amount of damages, if any, is the plaintiff entitled to recover for personal injuries? Answer: $14,229.00."

The court entered judgment in conformity with the verdict.

Defendants appeal.

*White & Aycock for plaintiff.*

*Taylor, Allen & Warren for defendants Preston E. Jones and Esqui R. Jones.*

*Jones, Reed & Griffin for defendants Shivar.*

MOORE, J. Defendants Jones and defendants Shivar severally assign as error the refusal of the court to allow their respective motions for nonsuit.

With respect to negligence and proximate cause the evidence is sharply conflicting. On the motions to nonsuit, plaintiff is entitled to have the evidence considered in the light most favorable to him. *King v. Powell,* 252 N.C. 506, 509, 114 S.E. 2d 265. When so considered, plaintiff's version of the occurrence is as follows:

About ten minutes before the accident Jones and Shivar met at the river bridge and talked a minute or two. Jones turned his car around and proceeded in the same direction Shivar was going. About two miles south of the river there is a slight curve and the highway is slightly upgrade. As the cars approached the curve Jones pulled out to pass Shivar and the lights of a meeting car flashed up. As Jones pulled out beside Shivar, plaintiff said to Jones: "Watch it Preston, yonder comes a car." All of them saw it about the same time. When Jones saw the car approaching he had pulled out and was alongside Shivar. Jones "shoved it to the bottom to get in front of" Shivar. Jones was close behind Shivar when he pulled out to pass. Plaintiff didn't know whether the lights of the meeting car, when he first saw them, had been on before or someone turned them on at the moment. At the scene of the accident Jones and Shivar told the highway patrolman that their speed at the time of the collision was fifty to fifty-five miles per hour. The next afternoon Shivar told investigating officers that they were not exceeding seventy. Later in the presence of Jones and the officers he said to Jones: "Preston you might as well tell the truth about it, I have." Jones then said they were not going over seventy miles per hour. Defendants explained that they had not exceeded seventy miles per hour, but at the time of the collision had slowed down to about fifty-five — they had slowed to fifty or fifty-five at the time they ran together. Jones said the meeting car was 100 to 150 feet away when its lights came on. Shivar said it was about 200 feet away. Jones said he didn't know

whether his lights were good enough to enable him to see a man or unlighted vehicle 200 feet down the highway or not. Shivar did not slow down when Jones attempted to pass, but accelerated his speed. In the attempt to get around Shivar, Jones pulled to the right and his car collided with Shivar's car. Both ran off the highway and down an embankment into a swampy area. The Shivar car came to rest 150 feet from the point of collision. The Jones car went 375 feet from the point of collision and struck a tree. One of its doors was torn off and plaintiff fell out. The meeting car did not collide with either of defendants' cars and did not stop.

From this evidence the inference is reasonable that defendant Jones attempted to pass defendant Shivar at night while driving slightly upgrade and approaching a slight curve, he began the movement from a position close to the rear of the Shivar car which partially obstructed his vision, he attempted to pass at a time when the Shivar car was travelling at the maximum posted speed of fifty-five miles per hour, the movement was made at a speed that would not permit him, when he discovered the peril of the meeting automobile, to control his vehicle so as to resume his position at the rear of the Shivar car or otherwise avoid a collision, and as a result he collided with Shivar's vehicle in trying to avoid the meeting automobile and caused injury to plaintiff, his passenger. In short, Jones' conduct permits the reasonable conclusion that he attempted to pass when the left side of the highway was not clearly visible and before he ascertained that it was free of oncoming traffic for a sufficient distance ahead to allow him to pass in safety and, that he was operating his vehicle at a speed greater than was reasonable and prudent under conditions then existing.

The driver of a motor vehicle is by statute forbidden to drive "to the left side of the center of a highway, in overtaking and passing another vehicle proceeding in the same direction, unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety." G.S. 20-150(a). One who violates this section is negligent, and if such negligence proximately causes injury it is actionable. *Winfield v. Smith,* 230 N.C. 392, 53 S.E. 2d 251; *Hill v. Lopez,* 228 N.C. 433, 45 S.E. 2d 539; *Joyner v. Dail,* 210 N.C. 663, 188 S.E. 209.

There was testimony, albeit not positive, that the lights of the meeting automobile were not turned on until it was within 200 feet of the Jones car. Nevertheless, before overtaking and passing a vehicle going in the same direction, a motorist has positive duties. "One who operates a motor vehicle must be reasonably vigilant and anticipate the use of the highway by others." *Clark v. Emerson,* 245

N.C. 387, 390, 95 S.E. 2d 880. Jones had the duty to give attention to those circumstances which tended to obscure his vision and determine his decision as to whether or not he could pass in safety, such as his nearness to the car he was following, the effectiveness of his lights, the curve ahead, the obscuring effect of the night itself. *Cox v. Lee*, 230 N.C. 155, 52 S.E. 2d 355; *Tyson v. Ford*, 228 N.C. 778, 47 S.E. 2d 251. From the evidence in the case the jury might reasonably have concluded that Jones attempted to overtake and pass without having made a reasonable determination that he could do so in safety.

In any event, it appears from plaintiff's evidence that he attempted to pass a vehicle going in the same direction which was already travelling at the maximum lawful speed, knowing that his own speed in passing would have to be much greater, that he pulled out from a position close to the rear of the Shivar car and when he got into the left lane and discovered the oncoming car, he was in such position and travelling at such speed that he was unable to control his vehicle and avoid collision.

Though overruled in some aspects, *Groome v. Davis*, 215 N.C. 510, 514, 2 S.E. 2d 771, has a pertinent statement: ". . . (T)here is more involved in speed than the mere chance of being at a particular spot at a given instant. The event may not be left in the lap of the gods, when it should have been kept in the hands of the driver." Excessive speed is negligence. *Riggs v. Motor Lines*, 233 N.C. 160, 165, 63 S.E. 2d 197. That Jones' speed was highly excessive is borne out by the physical facts. After the collision with the Shivar car, the Jones automobile ran off the pavement, down the embankment and through a swampy area 375 feet, struck a tree and had one of its doors knocked off. It is unlawful for a person to operate a vehicle upon a public highway at a speed that is greater than is reasonable and prudent under existing circumstances. G.S. 20-141(a), (c). One who violates this statute is guilty of negligence.

There was sufficient evidence to warrant the jury in finding that Jones was negligent in the respects indicated, and in others perhaps. Proximate cause is an inference of fact to be drawn from other facts and circumstances, hence what is proximate cause is ordinarily for the jury. "It is only when the facts are all admitted and only one inference may be drawn from them that the court will declare whether an act was the proximate cause of an injury or not." *Conley v. Pearce-Young-Angel Co.*, 224 N.C. 211, 214, 29 S.E. 2d 740. Here it was a question for the jury.

Shivar was not responsible for the lights of the meeting car, nor for the attempt of Jones to pass. He was driving in the proper lane at approximately the maximum lawful speed. But there is evidence

that when Jones drew abreast his car and it was apparent that Jones was in a position of peril by reason of the near approach of the meeting vehicle, Shivar did not reduce speed but accelerated his speed and raced the passing car.

Under the circumstances thus presented it was Shivar's duty not to increase the speed of his car until Jones had completely passed. G.S. 20-151. A violation of this section is negligence *per se*. A driver is under no duty to anticipate disobedience of law or negligence on the part of others, but he has the duty to take such action as an ordinarily prudent person would take in avoiding collision with persons or vehicles upon the highway when, in the exercise of due care, danger of such collision is discovered or should have been discovered. *Caughron v. Walker*, 243 N.C. 153, 157, 90 S.E. 2d 305.

In the instant case, Shivar saw, or in the exercise of reasonable care should have seen, that Jones was in a position of peril, and that if he, Shivar, increased speed or took no action to avoid collision, injury was likely to result. Yet he increased speed and there was a collision between his vehicle and the Jones car resulting in injury to plaintiff. Proximate cause was for the jury.

The jury found that the negligence of Jones and Shivar concurred to cause the injury suffered by plaintiff. "It is elemental that there may be two or more proximate causes of an injury. These may originate from separate and distinct sources or agencies operating independently of each other; yet if they join and concur in producing the result complained of, the author of each cause may be held liable for the injuries inflicted, and an action may be maintained against any one of the wrongdoers or against all of them as joint tortfeasors." *Riddle v. Artis*, 243 N.C. 668, 670, 671, 91 S.E. 2d 894. "This principle is applicable when the facts are such as to justify the view that the several acts of negligence on the part of two different persons concurred in contributing proximately to the injury complained of." *Tillman v. Bellamy*, 242 N.C. 201, 204, 87 S.E. 2d 253.

Each of the defendants insists that the action should have been nonsuited as to him for that the evidence shows as a matter of law that the negligence of his co-defendant or that of the meeting car intervened and insulated the negligence, if any, on his own part.

The doctrine of insulating the negligence of one by the subsequent intervening active negligence of another belongs to the definition of proximate cause. *Butner v. Spease*, 217 N.C. 82, 87, 6 S.E. 2d 808. Intervening negligence which insulates the negligence of a prior actor is carefully defined and explained in *Riddle v. Artis, supra*. It would serve no useful purpose to repeat the explanation here. Suffice it to say, it appears from the evidence hereinbefore recited that the in-

jurious result was not reasonably unforeseeable (as that term is defined in the *Riddle* case) to either of appellants, and that the negligence of each remained active to the very moment of impact. The doctrine of insulating negligence is a guide in proper cases for determining whether or not certain negligence is the proximate cause of injury as a matter of law. Since it is an elaboration of a phase of proximate cause, the court was under no duty to instruct the jury specifically with respect thereto in the instant case, in the absence of proper request for instructions based on an applicable contention supported by evidence.

The court properly overruled the motions for nonsuit.

Much is said in defendants' briefs relative to the emergent nature of the occurrence. The question as to whether or not an actor used due care in emergency is ordinarily for the jury. Furthermore, an actor may not invoke the sudden emergency doctrine in exculpation of his own conduct if his negligence brings on the emergency. *Powell v. Lloyd,* 234 N.C. 481, 487, 67 S.E. 2d 664. The jury was adequately instructed on the emergency phase of the case.

There are many exceptions to the admission and exclusion of evidence and to the charge. In a few instances there are, perhaps, technical errors, but from a careful consideration of each exception relied on and the trial as a whole it is our opinion that no prejudicial error appears

No error.