ARTHUR BRANCH v. LESTER GURLEY AND LEONARD OUTLAW.

(Filed 13 April, 1966.)

**1. Trial § 48—**

The trial court has the discretionary power to set aside the verdict on the issue of damages and order a new trial confined to this issue alone.

**2. Automobiles § 41g— Sufficiency of evidence of negligence in entering intersection.**

In this action by a passenger, evidence tending to show that a motorist driving on a dominant street, with knowledge that stop signs had been erected on the servient street, approached the intersection at a speed within the legal maximum, that he was faced with oncoming traffic and was under the necessity of watching for turns by such traffic, and that after his vehicle had traversed two-thirds of the way through the inter-

section it was struck on its right by a motorist entering the intersection from the servient street without stopping, *held* properly submitted to the jury on the issue of the negligence of the motorist entering the intersection from the servient street, but insufficient to be submitted to the jury on the issue of negligence of the driver along the dominant highway.

**3. Evidence § 22—**

Testimony by experts that X-ray photographs of defendant were made respectively by the witness or under the witness' direction or supervision, properly authenticates the X-ray photographs, and it is not error to permit the witnesses to use them in illustrating their testimony.

MOORE, J., not stiting.

APPEAL by each of the defendants from *Clark, J.,* January, 1966, and from *Hubbard, J.,* November, 1965 Sessions, LENOIR Superior Court.

The plaintiff instituted this civil action to recover for his physical injuries sustained in an automobile collision at the intersection of Memorial Drive and Hill Street in the Town of Warsaw. Plaintiff alleged and offered evidence tending to show that the collision occurred at 3:30 p.m. on February 16, 1962, as plaintiff was riding as a guest passenger in a 1949 Chevrolet being driven south on Memorial Drive by the owner, Leonard Outlaw. At the same time, the defendant, Lester Gurley, driving his 1958 Chevrolet east on Hill Street, struck the Outlaw vehicle on the right side, inflicting on the plaintiff serious and permanent injuries, including a fractured right hip, right thigh, and left wrist.

Memorial Drive is a dominant, and Hill is a servient street. Stop signs were in place on both sides of Hill Street at the intersection. The plaintiff alleged: At the time of the collision the streets were wet from a light rain; that the collision and his injuries were caused by the negligence of both defendants—Outlaw in driving too fast and failing to keep a proper lookout; Gurley in speeding into the intersection in violation of the stop sign and in failing to yield the right of way to Outlaw, driving on the dominant street.

Each defendant, by answer, denied negligence. Gurley charged that Outlaw's negligence was the proximate cause of the collision and that the plaintiff was negligent by acquiescing in Outlaw's negligence; and that acquiescence caused or contributed to the plaintiff's injuries.

Each of the parties introduced evidence. The court submitted these issues which the jury answered as indicated:

"1. Was the plaintiff injured by the negligence of defendant Lester Gurley?

Answer: Yes.

"2. Was the plaintiff injured by the negligence of defendant Leonard Outlaw?

Answer: Yes.

"3. What amount, if any, is plaintiff entitled to recover for personal injuries?

Answer: $5,000.00."

After the jury returned the verdict, Judge Hubbard, on plaintiff's motion, entered the following:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the third issue as to damages of the verdict rendered by the jury in the above entitled action be, and the same is hereby set aside in the discretion of the Court and the plaintiff have and recover judgment against the defendants for such damages as a jury may award on a new trial limited to said issue of damages."

Both defendants excepted to the order.

At the January, 1966 Session of the court, presided over by Judge Clark, the parties introduced evidence bearing on the issue of damages. The jury fixed the recovery at $10,000.00. From the judgment on the verdict, the defendants appealed, bringing forward their exceptions and assignments of error taken at the hearing before Judge Hubbard on the issues of negligence and before Judge Clark on the issue of damages.

*Beech & Pollock by H. E. Beech for plaintiff appellee.*

*Whitaker, Jeffress & Morris by A. H. Jeffress for defendant Lester Gurley, appellant.*

*Wallace, Langley & Barwick by F. E. Wallace, Jr., for defendant Leonard Outlaw, appellant.*

HIGGINS, J. The judgment here for review is based on the jury's answers (1) to the issue of negligence returned at the trial before Judge Hubbard, and (2) to the issue of damages returned at the trial before Judge Clark. Judge Hubbard, having set aside the verdict on the issue of damages only, as he had the right to do in his discretion, *Hinton v. Cline,* 238 N.C. 136, 76 S.E. 2d 162, the defendants are entitled to have us consider their assignments of error based on the exceptions to his rulings on the issues of negligence, and to Judge Clark's rulings on the issue of damages.

The evidence in the light most favorable to the plaintiff is sufficient to support a finding that the defendant Gurley, driving east

on Hill Street, failed to stop as required, but overran the stop sign, crashed into the side of the Outlaw vehicle in the southwest quadrant of the intersection, seriously injuring the plaintiff; and that in so operating his automobile he was guilty of actionable negligence. Judge Hubbard properly overruled the defendant Gurley's motion for nonsuit. *Rouse v. Jones*, 254 N.C. 575, 119 S.E. 2d 628; *King v. Powell*, 252 N.C. 506, 114 S.E. 2d 265; *Lake v. Express Co.*, 249 N.C. 410, 106 S.E. 2d 518. The defendant Gurley's objections to the rulings on the issues of negligence are not sustained. The objection to the charge on that issue likewise is not sustained.

The allegations of negligence against the defendant Outlaw are: (1) he was driving too fast on the wet street; (2) he failed to observe the approach of Gurley's vehicle and take proper steps to prevent the collision. The parties stipulated that the speed limit for traffic on Memorial Drive at the time was 35 miles per hour. The plaintiff's evidence with respect to Outlaw's speed at the time he entered the intersection was 20 to 30 miles per hour. As Outlaw approached the intersection from the north, two or three cars were approaching from the south. Motorists approaching the intersection from either direction on Hill Street were confronted with a stop sign. Of this the defendant Outlaw had knowledge. There might be danger that one or more of the motorists approaching from the south on Memorial Drive would signal for a turn on Hill. Hence Outlaw could not be expected to devote his close attention to traffic approaching on Hill, or to anticipate a motorist would violate the stop sign and enter the intersection. Outlaw had the right to assume and to act on the assumption that all motorists on Hill would obey the stop sign until he had, or should have had, notice to the contrary. According to the evidence, Outlaw was two-thirds of the way through the intersection before Gurley's vehicle crashed into his. *Powell v. Cross*, 263 N.C. 764, 140 S.E. 2d 393; *Wright v. Pegram*, 244 N.C. 45, 92 S.E. 2d 416. We conclude the evidence was insufficient to support a finding that Outlaw was guilty of actionable negligence. Judge Hubbard should have sustained his motion for nonsuit and dismissed the action as to him.

The defendant Gurley strenuously contends Judge Clark committed error by permitting Drs. Spigner and Rasmussen to use X-ray photographs in illustrating their testimony with respect to the plaintiff's injuries, broken bones, etc. Dr. Spigner testified: "I made several X-rays of his hip and his wrist. They were made at my direction and under my supervision." Dr. Rasmussen testified: "These X-rays were made at my direction. They were made while I was with the patient in the emergency room and transferred to the X-

ray department of the Duplin General Hospital. . . . These are X-rays of Arthur Branch."

We hold the X-ray photographs were properly authenticated for the use of the witnesses in illustrating their testimony. *State v. Norris*, 242 N.C. 47, 86 S.E. 2d 916. The case of *Spivey v. Newman*, 232 N.C. 281, 59 S.E. 2d 844, cited by the appellants, is not in point. The Court in that case rejected the X-ray "(F)or it did not appear by competent evidence that such X-ray photograph was actually a picture of the plaintiff's skull."

As to the defendant Gurley, the record fails to disclose error, either by Judge Hubbard on the issue of negligence, or by Judge Clark on the issue of damages.

On Outlaw's appeal, the Judgment is reversed.

On Gurley's appeal, No error.

MOORE, J., not sitting.