Jernigan v. R. R. Co.

CECIL D. JERNIGAN, JR. v. ATLANTIC COAST LINE RAILROAD COMPANY

No. 706SC431

(Filed 5 August 1970)

1. **Railroads § 5; Evidence § 15— crossing accident — competency of evidence**

The trial court in a railroad crossing accident case properly excluded the testimony of a witness as to how far away he could see the railroad tracks at night, where the witness' testimony was very indefinite and amounted to no more than a guess.

2. **Damages §§ 3, 13— loss of earnings — requisite of proof**

A plaintiff who feels that he has suffered a decrease in his earning power by reason of the injuries complained of should be prepared to give detailed testimony as to his physical condition and prior earnings, and in what way and to what extent the injuries have decreased his ability to earn since the accident.

3. **Trial § 48— setting aside verdict — review on appeal**

The action of the trial judge in setting aside a verdict in his discretion is not subject to review on appeal in the absence of an abuse of discretion.

4. **Trial § 48— setting aside verdict on issue of damages**

Trial court has the discretionary power to set aside the verdict on the issue of damages and order a new trial confined to that issue alone.

5. **Trial § 52; Railroads § 7— setting aside award — discretion of court**

In an action arising out of a railroad crossing accident, the trial court acted within its discretionary power in setting aside an award of $100,000 for plaintiff's personal injuries and in ordering a new trial solely on the issue of damages.

GRAHAM, J., concurs in separate opinion.

APPEAL by plaintiff and defendant from *Cohoon, J.*, 2 March 1970 Session, HALIFAX Superior Court.

Plaintiff was injured when the automobile he was driving struck defendant's parked locomotive at a grade crossing in the town of Weldon. The facts of the case are reviewed in *Jernigan v. R. R. Co.*, 275 N. C. 277, 167 S.E. 2d 269, and will not be repeated here.

The jury awarded plaintiff the sum of $2,000.00 for damages to his automobile, and the sum of $100,000.00 for injuries to his person. Judge Cohoon signed a judgment in favor of

plaintiff for the $2,000.00 damages to his automobile; but, in his discretion, set aside the verdict as to the issue of damages for personal injury, and ordered a new trial confined to the issue of damages for personal injury.

Plaintiff and defendant appealed.

*Allsbrook, Benton, Knott, Allsbrook & Cranford, by Julian R. Allsbrook and Richard B. Allsbrook, for plaintiff.*

*Spruill, Trotter & Lane, by Charles T. Lane and John R. Jolly, for defendant.*

BROCK, J.

### DEFENDANT'S APPEAL

[1] Defendant assigns as error the exclusion of the testimony of the witness Charles Carr relating to how far away the witness could see defendant's tracks at night. The witness' testimony was very indefinite and clearly amounted to no more than a guess; he clearly stated he did not know whether he saw the tracks or not. We think the testimony was properly excluded.

[2] Defendant assigns as error that the trial judge allowed plaintiff to testify concerning his present salary. This testimony was offered on the issue of damages for personal injury and appears to be insufficient to show decrease in earning power. If plaintiff feels that he has suffered a decrease in his earning power by reason of the injuries complained of, he should be prepared to give more detailed testimony as to his physical condition and what he was able to earn before; and in what way and to what extent the injuries have decreased his ability to earn since the accident. However, since this assignment of error relates to the issue upon which Judge Cohoon ordered a new trial, if there was error in admitting the fragmentary evidence it has been cured.

Defendant assigns as error certain portions of the judge's charge to the jury. After a careful reading of the charge as a whole, it appears to us that the charge was fair to the defendant in all respects, and that the case was submitted to the jury upon appropriate principles of law.

Defendant assigns as error the failure of the Court to direct a verdict in defendant's favor and the Court's failure to enter judgment in defendant's favor notwithstanding the verdict. It.

seems clear that these same issues were resolved against defendant in the earlier appeal of this case (*Jernigan v. R. R. Co.*, 275 N.C. 277, 167 S.E. 2d 269).

## PLAINTIFF'S APPEAL

Plaintiff assigns as error the setting aside of the verdict on the issue of damages for personal injury.

[3-5]   The action of the trial judge in setting aside a verdict in his discretion is not subject to review on appeal in the absence of an abuse of discretion. *Goldston v. Chambers*, 272 N. C. 53, 157 S.E. 2d 676. And the trial court has the discretionary power to set aside the verdict on the issue of damages and order a new trial confined to that issue alone. *Branch v. Gurley*, 267 N.C. 44, 147 S.E. 2d 587. The record in this case discloses no abuse of discretion on the part of the trial judge.

On defendant's appeal, no error.

On plaintiff's appeal, no error.

MORRIS, J., concurs.

GRAHAM, J., concurs in separate opinion.

GRAHAM, J., concurring.

In my opinion plaintiff's testimony as to his present salary was properly admitted. There was ample evidence to show that as a result of his injuries, plaintiff could not engage in the type of occupation followed by him before he was injured. Testimony as to his subsequent salary was relevant on the question of his diminished earning capacity. *Owens v. Kelly*, 240 N.C. 770, 84 S.E. 2d 163. It is my further opinion that the jury's award of damages was not excessive and was supported by the greater weight of the evidence. However, in view of the unbroken line of cases in which the appellate courts of this State have refused to question the exercise of discretion by trial courts in setting aside verdicts, I reluctantly concur in the results reached herein by the majority as to both appeals.