BILLY GENE KINLEY v. J. BROOKS HONEYCUTT, T/A HONEYCUTT TRANSPORT COMPANY, A PROPRIETORSHIP.

(Filed 19 June 1968.)

1. **Negligence § 20— Plaintiff's injury by hot asphalt is not a result of defendant's negligence.**

Plaintiff's allegations were to the effect that defendant delivered by tank truck to the premises of plaintiff's employer hot asphalt at a temperature of approximately 410 degrees F. which was to be transferred into a vat by means of a flexible pipe, one end of which was connected to a valve on the tank truck and the other end to a valve on an electrically operated pump maintained by the employer which was connected to the vat; that the defendant's employee, contrary to customary procedure, failed to open the outlet valve on the truck and failed to warn plaintiff's co-employee not to start the pump; that the co-employee threw the switch on the pump in the wrong direction, causing hot asphalt to be pumped out of the vat toward the defendant's truck; and that the failure of defendant's employee to open the valve caused the pipe to burst, resulting in plaintiff's injuries by the hot asphalt. *Held:* The complaint fails to allege facts sufficient to state a cause of action, and the demurrer of defendant should have been sustained.

2. **Negligence § 7—**

Only negligence which proximately causes or contributes to the accident is of legal import, and foreseeability is an essential element of proximate cause.

ON Writ of *Certiorari* to review an Order of *Hasty, J.,* entered 29 January 1968, Schedule B. Session, MECKLENBURG Superior Court.

Plaintiff was an employee of Republic Steel Corporation at its place of business in Charlotte, North Carolina. In the operation of its business, Republic Steel maintains a vat upon its premises for the storage of hot asphalt. The defendant delivers by tank truck to the premises of Republic Steel hot asphalt at a temperature of approximately 410 degrees F. which is transferred from the defendant's tank truck into Republic Steel's vat. This transfer is accomplished by means of a flexible pipe, one end of which is connected to

a valve on the tank truck and the other end to a valve on an electrically operated pump maintained by Republic Steel which in turn is connected to the vat.

On the day in question, after the connection between defendant's tank truck and Republic Steel's pump had been completed, the plaintiff's co-employee turned the switch on Republic Steel's pump in the wrong direction, causing the asphalt in the vat to be pumped through the pipe towards the truck instead of from the truck to the vat as was intended. At this time the defendant's driver had not opened the valve on the tank truck, and the pressure in the pipe caused the pipe to rupture. The plaintiff suffered injury from the hot asphalt spewing from the ruptured pipe, and brings this action to recover damages for personal injury.

The pertinent allegations of the complaint are summarized as follows:

1. Defendant's employee was sent to deliver hot asphalt by truck to plaintiff's employer, Republic Steel Corporation (hereinafter referred to as Republic).

2. The customary procedure for delivering hot asphalt from defendant's truck to Republic consisted of four steps in sequence as follows:

a. Defendant's driver would hook one end of a rubber pipe to an outlet on defendant's truck. A Republic employee would hook the other end of the rubber pipe to an outlet on a Republic pump.

b. A Republic employee would open a valve on the Republic pump and notify defendant's driver.

c. Defendant's driver would then open an outlet valve on the truck.

d. A Republic employee would then throw an electric switch on the Republic pump to pump asphalt out of the truck into a vat at Republic.

3. The defendant's driver on the occasion in question either knew or should have known that the foregoing steps were customary delivery procedure.

4. On the specific occasion in question, after the delivery pipe was attached to both the truck and the pump, plaintiff's co-employee was led by defendant's employee to believe that the truck valve had been opened, but defendant's employee failed to open the outlet valve on the truck, and failed to warn plaintiff's co-employee not to start the pump. Thereafter plaintiff's co-employee threw the switch on the Republic pump in the

· wrong direction causing hot asphalt to be pumped out of the Republic vat toward the defendant's truck instead of out of the defendant's truck toward the Republic vat. Defendant's driver failed to open the truck valve after the pump had been started even though he knew or in the exercise of due care should have known that such failure would result in the pipes bursting and spewing hot asphalt over the area wherein the plaintiff was positioned. The negligence of the defendant's driver was the direct and proximate cause of the plaintiff's injuries as alleged in the complaint.

The defendant demurred to the complaint for failure to state a cause of action. Judge Hasty overruled the demurrer, and defendant applied to this Court for Writ of *Certiorari* which we issued.

*Berry and Bledsoe by C. Ralph Kinsey, Jr., for plaintiff appellee.*
*Kennedy, Covington, Lobdell and Hickman by Charles V. Tompkins, Jr., for defendant appellant.*

BROCK, J. Plaintiff seeks to hold defendant liable upon the theory that defendant's driver failed to open the valve on the tank truck, and that plaintiff's co-employee was led by defendant's driver to believe the valve had been opened. However, the complaint is silent as to the manner in which defendant's driver led plaintiff's co-employee to believe the truck valve was open other than to allege that the driver climbed up on the truck to a position from which he could open the valve. There is no allegation of how long the driver was in position to open the valve, or of any act on his part that would lead plaintiff's co-employee to believe the valve had been opened.

Nevertheless, assuming, *arguendo*, that the driver was negligent in taking his time in opening the valve on the truck, there is no allegation that the driver knew the switch had been thrown in either direction on the pump by plaintiff's co-employee. There is no allegation that the driver knew that the switch could be thrown on Republic's pump so as to cause asphalt to be pumped from the vat towards the truck, and no allegation that the driver knew the switch had been so thrown. There is no allegation from which it can be reasonably deduced that the defendant's driver could reasonably foresee that plaintiff's co-employee would throw the switch on Republic's pump in the wrong direction.

Only negligence which proximately causes or contributes to the accident is of legal import. And foreseeability is an essential element of proximate cause. *Williams v. Boulerice,* 268 N.C. 62, 149 S.E. 2d 590. Even the fact that the injury would not have occurred

but for an asserted act of negligence does not constitute such act a proximate cause of the injury unless consequences of a generally injurious nature were reasonably foreseeable as a result of such act. *Ratliff v. Power Co.*, 268 N.C. 605, 151 S.E. 2d 641.

We hold that the complaint in this action fails to allege facts sufficient to withstand the demurrer.

Reversed.

MALLARD, C.J., and PARKER, J., concur.