DAYTON LAMONDE BARBER v. WILLIAM MITCHELL HEEDEN AND PATRICIA ANNE HEEDEN.

(Filed 24 November, 1965.)

**1. Automobiles §§ 41g, 42g—**

Evidence tending to show that defendant operated an automobile so that it skidded from a servient highway onto the dominant highway, blocking plaintiff's lane of travel, causing plaintiff, in the emergency, to turn to his left and collide with a vehicle approaching from the opposite direction, *held* sufficient to take the issue of negligence to the jury and not to disclose contributory negligence as a matter of law on plaintiff's part.

**2. Negligence § 28—**

An instruction which in effect places the burden upon defendant to prove by the greater weight of the evidence that the facts were in accord with his contentions, negating negligence on his part, must be held for reversible error, even though correct instructions were given in other parts of the charge.

**3. Trial § 34—**

The burden of proof is a substantial right, and erroneous or conflicting instructions thereon must be held for prejudicial error.

BARBER *v.* HEEDEN.

**4. Appeal and Error § 42—**

Conflicting instructions on a material point, the one correct and the other incorrect, must be held for prejudicial error, since it cannot be ascertained that the jury in coming to a verdict was not influenced by the incorrect charge.

**5. Automobiles § 46—**

An instruction to the effect that if the jury found from the greater weight of the evidence that plaintiff approached an intersection at a speed of 70 to 80 miles per hour and that such speed was a proximate cause of the collision, to answer the issue of contributory negligence in the affirmative, must be held for error as requiring the jury to find that plaintiff's speed was excessive to the stipulated degree in order for it to constitute unlawful speed.

**6. Same—**

Separate instructions to answer the issue of contributory negligence in the negative if the jury failed to find that plaintiff was traveling at excessive speed, or failed to keep a proper lookout, or failed to keep his vehicle under control, must be held for error as requiring a negative answer to the issue if plaintiff was free of contributory negligence in any one of the aspects relied on, since the issue should be answered in the affirmative if plaintiff was guilty of contributory negligence constituting a proximate cause of the injury in any one of such aspects.

APPEAL by defendants from *May, Special Judge,* January 25, 1965 Conflict Session of JOHNSTON.

Plaintiff sustained personal injuries and property damage as a direct result of a collision that occurred May 14, 1963, about 9:15 p.m., in Johnston County, on N. C. Highway No. 50, between his southbound Chevrolet car, operated by him, and a northbound truck (of Jesse Jones Sausage Company) operated by Hubert Lester Mangum. Plaintiff alleged the said collision and his injuries and damage were proximately caused by the actionable negligence of Patricia Anne Heeden in respect of the way and manner in which she operated the Buick car of her brother, William Mitchell Heeden. Plaintiff alleged that Patricia was a member of William's household; that William owned and maintained the Buick for the pleasure, comfort and convenience of himself and his said sister; that the Buick was used by her with his knowledge and consent; and that William is responsible for Patricia's actionable negligence.

Highway No. 50 runs north and south. It is 20 or 21 feet wide and has two driving lanes. Secondary Road No. 1319 joins and extends west from No. 50 at a point approximately six miles north of Benson.

On May 14, 1963, No. 1319 west of No. 50 was in the process of being paved, was "sticky, just been poured," and there was sand and gravel on the portion thereof within 100-150 feet of No. 50. Near

the southwest corner of said junction, a stop sign faces motorists traveling east on No. 1319. The store and filling station premises of Jasper (Jack) Langdon are on the northwest corner, fronting on No. 50. The gasoline tanks are about 50 feet back (west) and the store is about 70 feet back (west) from No. 50. The entire area around Langdon's premises is paved. Paved portions of Langdon's premises extend to and connect with paved portions of No. 50 and No. 1319.

On May 14, 1963, a dirt road extended east from No. 50 at a point "probably 60 or 70 feet" north of the junction described above. It is not clear whether this dirt road was also known as No. 1319. There is an offset of 60-70 feet between the two junctions. On the east side of No. 50, south of said dirt road and across from Langdon's said premises, there was a Shell service station.

Prior to the accident, plaintiff traveled south on No. 50 and Miss Heeden traveled east on No. 1319.

Plaintiff's allegations and evidence are to the effect that the Heeden Buick approached and entered No. 50, "spun around twice . . . in front of plaintiff's automobile" and "completely stopped in (his) lane of the highway," and that plaintiff, being then only 30-40 feet away and confronted by a sudden emergency, "cut to the left" and struck the front of the northbound truck.

Defendants' allegations and evidence are to the effect that no portion of the Buick got closer than ten feet to No. 50; that Miss Heeden's immediate destination was Langdon's store and service station; that, approaching No. 50, she applied her brakes when on the portion of No. 1319 covered by sand and gravel; that her brakes did not take hold and the Buick skidded "only just a half a turn," then stalled and was stopped in No. 1319, facing the Langdon premises, when plaintiff's southbound car appeared on No. 50.

There was no contact of any kind between plaintiff's Chevrolet and the Heeden Buick.

Plaintiff alleged defendants were negligent in that Miss Heeden: (a) operated said Buick on No. 1319 at a dangerous speed without regard to the surface conditions and without stopping before entering No. 50; (b) operated said Buick in wilful and wanton disregard of the rights and safety of plaintiff; (c) operated said Buick without due caution and circumspection and in a manner so as to endanger plaintiff; (d) failed to exercise proper control in her operation of said Buick and caused it to skid into the westerly lane of No. 50; and (e) failed to yield the right of way to plaintiff lawfully approaching on No. 50.

Defendants denied all of plaintiff's allegations relating to actionable negligence and conditionally pleaded the contributory negligence

of plaintiff as a bar to recovery. Defendants alleged, as contributory negligence, that plaintiff operated his Chevrolet (a) at a high and dangerous rate of speed, (b) in a careless and reckless manner, (c) without keeping a proper lookout, and (d) without keeping his vehicle under proper control.

The issues submitted, without objection, and the jury's answers thereto, are as follows: "1. Was the plaintiff injured as a result of the negligence of the defendant Patricia Anne Heeden, as alleged in the Complaint? Answer: Yes. 2. Did the plaintiff, Dayton Lamonde Barber, contribute to his own injury, as alleged in the Answer? Answer: No. 3. Was the defendant, Patricia Anne Heeden, acting as the agent of William Mitchell Heeden under the family purpose doctrine, as alleged in the Complaint? Answer: Yes. 4. What amount, if any, is the plaintiff entitled to recover? Answer: $17,055.64."

Judgment for plaintiff in accordance with the verdict was entered. Defendants excepted and appealed.

*Emanuel & Emanuel for plaintiff appellee.*
*Young, Moore & Henderson for defendant appellants.*

BOBBITT, J. Defendants, in their brief, contend (1) that the evidence was insufficient to warrant submission of an issue as to defendants' alleged actionable negligence, and (2) that plaintiff's evidence discloses contributory negligence as a matter of law, and therefore the court erred in overruling their motion made at the conclusion of all the evidence for judgment of nonsuit. However, careful consideration impels the conclusion that the evidence, when considered in the light most favorable to plaintiff, was sufficient to require submission of these issues for jury determination. Having reached this conclusion, we deem it appropriate to refrain from further discussion of the evidence presently before us. *Byrd v. Motor Lines*, 263 N.C. 369, 372, 139 S.E. 2d 615, and cases cited.

Included in the portion of the charge relating to the first (negligence) issue, the court instructed the jury as follows:

"Members of the jury, I further charge you that *if you find from the evidence, and by its greater weight*, that on May the 14th, 1963, Miss Heeden was operating the Buick automobile along Rural paved road No. 1319, and that said road intersected with Highway No. 50, and that there is erected on Rural Road 1319 a Stop Sign directing traffic to come to a stop before entering Highway No. 50, and you further find that the defendant, Miss Heeden, never reached Highway No. 50, and that she never entered the westerly lane of travel of Mr. Barber, the plaintiff, and that she turned her automobile off

of the rural paved road number 1319 before reaching the western lane of Highway No. 50 and that she turned off and turned onto the apron of Jack Landon's Service Station without ever having reached the intersection, I charge you that *if you so find from the evidence, and by its greater weight,* that then, and in that event, Miss Heeden would not be guilty of any negligence whatsoever and you would answer the First Issue No." (Our italics.)

Defendants' assignment of error based on their exception to the quoted excerpts from the charge is well taken. The clear implication of this instruction is that the burden of proof was on defendants to satisfy the jury from the evidence and by its greater weight that the facts are as stated in this instruction. Elsewhere in the charge the court instructed the jury correctly that the burden of proof was on plaintiff to establish by the greater weight of the evidence the alleged actionable negligence of defendants.

These propositions are well settled: "The rule as to the burden of proof constitutes a substantial right, for upon it many cases are made to turn, and its erroneous placing is reversible error." *Williams v. Insurance Co.,* 212 N.C. 516, 518, 193 S.E. 728, and cases cited; *Owens v. Kelly,* 240 N.C. 770, 774, 84 S.E. 2d 163, and cases cited. Moreover, as stated by Barnhill, J. (later C.J.), in *S. v. Overcash,* 226 N.C. 632, 39 S.E. 2d 810: "When there are conflicting instructions to the jury upon a material point, the one correct and the other incorrect, a new trial must be granted. We may not assume that the jurors possessed such discriminating knowledge of the law as would enable them to disregard the erroneous and to accept the correct statement of the law as their guide. We must assume instead that the jury in coming to a verdict, was influenced by that part of the charge that was incorrect." See *Graham v. R. R.,* 240 N.C. 338, 350, 82 S.E. 2d 346, and cases cited; and *Crow v. Ballard,* 263 N.C. 475, 478, 139 S.E. 2d 624, and cases cited.

In the portion of the charge relating to the second (contributory negligence) issue, the court, immediately after referring to defendants' contention that the jury should be satisfied from the evidence and by its greater weight "that the plaintiff himself contributed to his own injury by his negligence," instructed the jury as follows:

"She says and contends that on this occasion the *defendant* was operating his automobile at a high and dangerous rate of speed in a careless and reckless manner. She says and contends that he was traveling at a speed of some seventy to eighty miles an hour.

"The Court charges you that if you find from the evidence and by its greater weight, that the *defendant* was traveling at a rate of speed of seventy to eighty miles an hour, that such speed would be

in excess of that permitted by law at that intersection, and if you find that he was traveling at that rate of speed, that would constitute negligence on his part, and if you further find that such negligence on his part was a proximate cause of the injury and damages that he sustained, then the Court instructs you that you should answer that Second Issue Yes; *if you fail to so find, you should answer the Second Issue No.*" (Our italics.)

In the quoted excerpt, it seems clear the court inadvertently said "defendant" when intending to say "plaintiff." While this inadvertence may have tended to confuse, we assume, for present purposes, that the jury understood the instruction as if "plaintiff" had been used. So considered, the vice in this instruction is that the jury was instructed to answer the *second* (contributory negligence) *issue,* "No," if defendants failed to satisfy the jury from the evidence and by its greater weight that *the precise facts* were as stated in this instruction. This instruction was erroneous and prejudicial to defendants. Excessive speed was *only one* of defendants' alleged specifications of plaintiff's contributory negligence. Moreover, proof by the greater weight of the evidence that plaintiff was traveling at a speed of 70 to 80 miles an hour was not required to establish that plaintiff was contributorily negligent even in respect of alleged excessive speed. In like manner, the court, in giving separate instructions bearing upon each of defendants' other specifications of the alleged contributory negligence of plaintiff, charged the jury to answer the *second* (contributory negligence) *issue,* "No," if defendants failed to satisfy the jury from the evidence and by its greater weight that the precise facts were as stated in the instruction.

Under well established legal principles referred to above, we are constrained to hold that the error in the (second) quoted excerpt and similar instructions was not cured by the fact that conflicting instructions, albeit correct, were given elsewhere in the fifty-page charge.

Since the errors referred to are sufficient to require a new trial, we deem it unnecessary to consider other assignments of error based on exceptions to the charge. Upon retrial, the questions raised by such assignments may not recur.

New trial.