MARY GIBBS WILLIAMS v. JOSEPH R. BOULERICE; CECILIA W. BOULERICE AND ROBERT E. HARE; WILLIAM LEON HARE.

(Filed 26 August, 1966.)

1. **Automobiles § 19—**

A driver faced with a sudden emergency caused by the negligence of another is not held to the wisest choice of conduct, but only to such choice as a person of ordinary care and prudence, similarly situated, would have made, and ordinarily the factual determination of the reasonableness of the choice is a question for the jury.

2. **Automobiles § 41v— Whether defendant's choice of conduct when confronted by sudden emergency was that of a reasonably prudent man held for jury.**

The evidence tended to show that defendant driver, traveling east, was confronted with a sudden emergency when a car, traveling south along a street making a dead-end intersection from defendant's left, entered the intersection and turned right in such manner that defendant, upon the narrow street, was forced to turn to her right and travel partially on the right shoulder in order to avoid a collision. The evidence further tended to show that after the cars had passed without collision, defendant, to avoid a fire hydrant on the right shoulder, turned left into the street, and that she continued to the left across the street and ran into the ditch, resulting in injury to plaintiff passenger. *Held:* Conceding that defendant, in the emergency, was forced to turn to her right, whether a person of ordinary care and prudence, similarly situated, having returned to the paved street, would have taken action such as turning to the right or applying the brakes so as to keep the automobile on the street and out of the ditch

on the left, is a question for the jury, and nonsuit was improvidently entered.

**3. Negligence § 7—**

Only negligence which proximately causes or contributes to the accident in suit is of legal import, and proximate cause is that cause which produces the result in continuous sequence and without which it would not have occurred, and one from which a man of ordinary prudence could have foreseen that injury was probable under the circumstances, foreseeability being an essential element of proximate cause.

**4. Same—**

It is not required that defendant could have foreseen the injury in the exact form in which it occurred, but it is sufficient if defendant, in the exercise of reasonable care, might have foreseen that some injury would result from his acts or omissions, or that consequences of a generally injurious nature might have been expected.

**5. Negligence § 28—**

An instruction on foreseeability which, in effect, charges that a reasonably prudent man must have been able to foresee the particular injury which ensued, constitutes prejudicial error.

**6. Appeal and Error § 42—**

An erroneous instruction on a material aspect of the cause must be held for prejudicial error, notwithstanding that in another part of the charge the court correctly states the law in regard thereto.

APPEAL by plaintiff from *Mintz, J.,* 20 September 1965 Session of PASQUOTANK.

Civil action to recover damages for personal injuries sustained by plaintiff while riding as a passenger in an automobile driven by her daughter Cecelia W. Boulerice and owned by her son-in-law Joseph R. Boulerice.

Factory Street in Elizabeth City runs generally east and west, and Fleetwood Street, which runs generally north and south, at its southern end makes a "T" intersection with and ends at Factory Street. Both streets are two-way streets and hard surfaced. Factory Street is narrow with narrow shoulders. At the northeast corner of the intersection a ditch about six feet deep and five or six feet wide begins near the eastern edge of Fleetwood Street, and runs for an unspecified distance in an easterly direction parallel to the north side of Factory Street. A fire plug or hydrant about two or three feet high is located on the south side of Factory Street. This hydrant is about two feet from the Factory Street pavement and about thirty feet east of the intersection.

Plaintiff's evidence tends to show the following facts: About 2:50 p.m. on 17 July 1962 the Boulerice car was headed in an easterly direction on Factory Street and approaching the intersection of Factory and Fleetwood Streets. It was traveling at a

speed of about 25 miles an hour. As the Boulerice car entered the intersection, a Ford automobile, driven by William Leon Hare and owned by his father Robert E. Hare, came out of Fleetwood Street, entered the intersection, turned to its right in the intersection, and headed toward Parsonage Street. The Boulerice car turned to its right to avoid the Ford automobile hitting it. The two automobiles came very close together when they passed, but did not strike or collide. Plaintiff testified as follows:

> "The Hare Ford turned to its right after it came out into the intersection and headed toward Parsonage Street. The Boulerice car pulled to its right to avoid the other car hitting it, and then the fire plug was so close, in just a moment it cut back to the left and went across to the ditch. The fire plug was on the right side of Factory Street, in the direction in which we were going and close to the paved portion of the street. There was a small drain or gully running parallel with Factory Street over on my right. After the Boulerice car cleared the Ford, she cut back to the left and went back across the street to a ditch on the left. I can't say whether or not the Boulerice car slowed down its speed or whether the brakes were applied prior to the time it struck the ditch. There was no oncoming traffic meeting the Boulerice car or other vehicles in the immediate vicinity, other than the Hare automobile, at the time of the accident. The ditch on the left side of Factory Street, in which the Boulerice car struck and overturned, is about six feet deep and five to six feet across the top. The Boulerice car went diagonally across the street, struck the ditch with a thud and turned over on its left side on the north side of Factory Street."

When the car overturned plaintiff sustained injuries.

Plaintiff alleges that defendant Cecelia Boulerice was negligent in that she operated the Mercury automobile without due caution and circumspection and without maintaining a proper lookout; that she failed to keep the said automobile under control; that she drove on the wrong side of the street; and that she either operated the automobile without proper equipment or failed to properly use such equipment. Plaintiff alleges that the defendant William Leon Hare was negligent in that he operated the Ford automobile in a careless and reckless manner, at a high and illegal rate of speed and in a manner likely to injure the person or property of the plaintiff; that he failed to keep a proper lookout; that he failed to keep his automobile under control; that he drove

on the wrong side of the street; and that he failed to exercise reasonable care when approaching the intersection.

Plaintiff alleges that her injuries were caused by the joint and concurrent negligence of the defendants.

Defendant Joseph R. Boulerice does not deny that the Mercury automobile was a family purpose car or that it was being operated with his consent, knowledge, and approval. Defendant Cecelia W. Boulerice denies any negligence on her part, and alleges that the movements of the Mercury automobile were caused by the sudden emergency brought about by the negligence of the driver of the Ford.

Defendant Robert E. Hare does not deny that the Ford automobile was driven from time to time with his permission by his son, defendant William Leon Hare. Defendant William Leon Hare denies that he was operating an automobile at the time of the accident, alleging that he was not in the vicinity. He alleges that the negligence of the driver of the Mercury proximately caused the injuries to the plaintiff.

At the conclusion of plaintiff's evidence, upon motion of defendants Boulerice, the court entered a judgment of compulsory nonsuit to plaintiff's action against defendants Boulerice, and plaintiff excepted. The court denied a similar motion by defendants Hare, and they excepted.

Defendants Hare then introduced evidence. At the end of all the evidence defendants Hare renewed their motion for judgment of compulsory nonsuit, which the court denied, and they excepted. The court submitted to the jury issues of negligence and damages. The jury answered the first issue of negligence, No. Judgment was entered in accord with the verdict.

Plaintiff appealed from the judgment of compulsory nonsuit entered in her case against defendants Boulerice, and appealed from the judgment that she recover nothing from defendants Hare.

*Russell E. Twiford for plaintiff appellant.*

*Leroy, Wells & Shaw by Dewey W. Wells for defendants Hare, appellees.*

*John H. Hall for defendants Boulerice, appellees.*

PARKER, C.J.

### APPEAL AS TO DEFENDANTS BOULERICE

Plaintiff assigns as error the entry of judgment of compulsory nonsuit of her action against defendants Boulerice.

Plaintiff's evidence shows Cecelia Boulerice was faced with a sudden emergency. " 'One who is required to act in an emergency

is not held by the law to the wisest choice of conduct, but only to such choice as a person of ordinary care and prudence, similarly situated, would have made.'" *Lamm v. Gardner,* 250 N.C. 540, 108 S.E. 2d 847; *Lawing v. Landis,* 256 N.C. 677, 124 S.E. 2d 877; *Simmons v. Rogers,* 247 N.C. 340, 100 S.E. 2d 849. Ordinarily, the factual determination as to reasonableness of a choice is a question for the jury. *Rouse v. Jones,* 254 N.C. 575, 119 S.E. 2d 628; *Lamm v. Gardner, supra; Simmons v. Rogers, supra; Hunter v. Bruton,* 216 N.C. 540, 5 S.E. 2d 719; *Woods v. Freeman,* 213 N.C. 314, 195 S.E. 812; *Waller v. Hipp,* 208 N.C. 117, 179 S.E. 428. The true and ultimate test of Cecelia Boulerice's operation of the automobile in the emergency is this: What would a reasonably prudent person have done in the light of all the surrounding facts and circumstances? *Lamm v. Gardner, supra.*

Defendant Cecelia Boulerice made two choices. Her first choice was to turn to the right to avoid the oncoming Ford driven by Leon Hare. She was then faced with a fire hydrant. Her second choice was to turn her car to the left onto the pavement of the street. Even if we concede that her choices up to this point were those that a person of ordinary care and prudence, similarly situated, would have made, the jury could find from plaintiff's evidence that a person of ordinary care and prudence, similarly situated, having returned to the paved street, would have taken action such as turning to the right, or applying the brakes to keep the automobile on the street and out of the ditch, and in failing to do so defendant Cecelia Boulerice's choice of conduct did not accord with what an ordinarily prudent person would or might have done under the same or similar circumstances.

Plaintiff's evidence, considered in the light most favorable to her, and giving her the benefit of every reasonable inference to be legitimately deduced therefrom, would permit a jury to find Cecilia Boulerice was negligent in the operation of her automobile and that such negligence was a proximate cause of plaintiff's injuries. Plaintiff's case against the defendants Boulerice should have been submitted to the jury and the court committed error in deciding the question as a matter of law. *Lake v. Express, Inc.,* 249 N.C. 410, 106 S.E. 2d 518; *McFalls v. Smith,* 249 N.C. 123, 105 S.E. 2d 297.

The case of *Patterson v. Ritchie,* 202 N.C. 725, 164 S.E. 117, relied upon by defendants Boulerice, is factually distinguishable. In that case the driver of the automobile in which plaintiff's intestate was riding as a guest on a State highway in the midst of heavy traffic was suddenly confronted by a situation caused by a truck approaching him from the opposite direction, and he was

required to act quickly for the safety of himself and his guest. Under the circumstances shown by the evidence, the court held he was not negligent in swerving the automobile suddenly to his right, thus causing it to leave the hard surface and to run onto the shoulder of the highway. The collision occurred within a short distance with a post which was standing beside the highway. In the instant case, Cecilia Boulerice swerved to the right onto the shoulder, then turned back onto the street, and after returning back to the street, failed to apply her brakes and to keep the automobile in the street and out of the ditch.

The judgment of compulsory nonsuit in plaintiff's case against defendants Boulerice was improvidently entered, and' is

Reversed.

### APPEAL AS TO DEFENDANTS HARE

Plaintiff excepts to and assigns as error certain portions of the judge's charge to the jury.

After explaining the general principles of law applicable to the case and in the course of applying the law to the evidence, the court gave the following instruction relating to proximate cause:

"Her case is bottomed on the theory, and she has alleged and has offered evidence which she says and contends should satisfy you that her daughter, in attempting to avoid this car, ran off the road on the right, and then in attempting to get her car out of what has been described as a drain ditch on the right, she cut back to the left, her maneuvering, or her cut back to the left, as a result of that, she went across the road and in the ditch. Now, you — the burden is on Mrs. Williams to satisfy you, if she has satisfied you that young Hare committed any such act, as I have outlined here for you, and that act was a negligent act, and it is negligence per se, but it is for you to say whether or not it caused this injury, and before you can answer that part of it, proximate cause, then you would answer this question, *whether or not such acts would have caused a reasonable and prudent person namely, the driver of Mrs. Williams' car, or the car she was riding in, to have taken the action that she took, and whether or not her action from that point on was that of a reasonable and prudent person.*

"*. . . But you will not charge this plaintiff with a bad choice on the part of her hostess driver Mrs. Boulerice, but you will only charge her with satisfying you that Mrs. Boulerice acted as a reasonable and prudent person would act under the same or similar circumstances.*" (Emphasis ours.)

The only negligence of legal importance is negligence which proximately causes or contributes to the death or injury under judicial investigation. *Miller v. Coppage,* 261 N.C. 430, 135 S.E. 2d 1; *Oxendine v. Lowry,* 260 N.C. 709, 133 S.E. 2d 687. Proximate cause is a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed. *Jenkins v. Electric Co.,* 254 N.C. 553, 119 S.E. 2d 767. Foreseeability is an essential element of proximate cause. *Pinyan v. Settle,* 263 N.C. 578, 139 S.E. 2d 863; *Pittman v. Swanson,* 255 N.C. 681, 122 S.E. 2d 814. This does not mean that the defendant must have foreseen the injury in the exact form in which it occurred, but that, in the exercise of reasonable care, the defendant might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected. *Slaughter v. Slaughter,* 264 N.C. 732, 142 S.E. 2d 683; *Bondurant v. Mastin,* 252 N.C. 190, 113 S.E. 2d 292.

In that part of the charge which applied the law to the evidence, the court's instruction on proximate cause was limited to the element of foreseeability, and that element was incorrectly stated. Although the court correctly defined proximate cause in an earlier general statement of the law, the subsequent erroneous instruction constitutes error. *Barber v. Heeden,* 265 N.C. 682, 144 S.E. 2d 886; *Rodgers v. Thompson,* 256 N.C. 265, 123 S.E. 2d 785; *Mitchell v. White,* 256 N.C. 437, 124 S.E. 2d 137. For error in the charge plaintiff is entitled to a

New trial.

Appeal as to defendants Boulerice — Reversed.

Appeal as to defendants Hare — New trial.