DONALD GUY KINNEY v. CHARLES REID GOLEY, SR.
· — AND —
KENNETH E. CROWSON, BY HIS NEXT FRIEND, BOBBIE M. GREEN v. CHARLES R. GOLEY AND DONALD GUY KINNEY
— AND —
JOHN L. NOLL, JR. v. CHARLES R. GOLEY AND DONALD GUY KINNEY

No. 68SC153

(Filed 30 April 1969)

1. Automobiles § 9— failure to give turn signal — evidence of negligence

Since the amendment of G.S. 20-154 by Ch. 768, Session Laws of 1965, failure of a motorist to give a turn signal required by the statute is not negligence *per se*, but a violation of the statute must be considered by the jury along with other facts and circumstances in deciding whether the motorist has breached his common law duty of exercising due care.

2. Automobiles § 90— instructions — failure to give turn signal — negligence per se

In this consolidated trial of three actions arising out of an automobile collision, the court erred in instructing the jury that failure to give a left turn signal in violation of G.S. 20-154 constitutes negligence *per se,* and such error was not cured when the court read to the jury G.S. 20-154 in its entirety, including the proviso that a violation of its provisions should not be considered negligence *per se,* since it cannot be known which instruction was followed by the jury in arriving at a verdict.

3. Automobiles § 90— failure to give turn signal — instructions — error not cured

Error by the trial court in instructing the jury that failure to give a turn signal required by G.S. 20-154 constitutes negligence *per se* is not cured by another portion of the charge relating to the question of whether failure to give the turn signal was a proximate cause of the collision.

4. Trial § 8— consolidation of actions for trial

The trial court possesses discretionary power in proper cases to order the consolidation of actions for trial.

5. **Automobiles § 43;    Trial § 8—   actions by driver and passengers —**
   **consolidation for trial**

   Where the driver of one automobile involved in a collision brings an
   action against the driver of the other automobile involved in the collision,
   and passengers in the first automobile bring actions against both drivers,
   it is the better practice to try the actions brought by the passengers
   separately from the action brought by one driver against the other, since
   the issue of contributory negligence is not involved in the actions brought
   by the passengers but is involved in the action of one driver against the
   other driver.

6. **Courts §§ 4, 14;    Venue § 8—   removal of action from municipal**
   **court to superior court — jurisdiction upon remand for new trial**

   Contention that court erred in removing action from Municipal Court
   of High Point in which it was originally instituted to the Superior Court
   of Guilford County is rendered moot by the effecutation of the Judicial
   Department Act of 1965 in the Eighteenth District, G.S. 7A-131, and upon
   remand of the case for new trial, the trial will properly be held in the
   superior court since the amount in controversy exceeds $5,000. G.S.
   7A-243.

APPEALS by defendant Goley and by plaintiff Crowson and plaintiff Noll from *Crissman, J.,* 6 November 1967 Civil Session, GUILFORD Superior Court, High Point Division.

These appeals are from the trial of three civil actions which were consolidated for trial. Each action arose from the collision which occurred about 11:25 a.m. 9 March 1966 on U. S. Highway 220 about six miles south of Asheboro, in Randolph County, N. C., when a 1966 Mustang driven by Donald Guy Kinney collided with a 1954 Ford driven by Charles R. Goley. John L. Noll, Jr., and Kenneth E. Crowson were passengers in the Mustang. Goley was the sole occupant of the Ford. All occupants of the two vehicles were injured and all are involved in this litigation.

At the scene of the collision U. S. Highway 220 is a two-lane paved highway running generally north and south, with one lane for northbound and one lane for southbound traffic. The center of the highway is marked with a broken white line with solid yellow lines on either side. The highway is straight for a considerable distance on either side of the place of collision but visibility is limited for both northbound and southbound traffic by reason of the fact that the highway passes over a hill, the crest of which is some 200 to 225 feet north of the point of collision. At the point of collision the highway runs downgrade for southbound traffic and upgrade for northbound traffic. A gasoline service station is situated approximately on the crest of the hill on the west side of the highway, with a paved apron extending approximately 300 feet along the edge of

the highway. At the time of the collision the weather was clear and the highway surface was dry. The posted speed limit was 55 miles per hour. The Mustang driven by Kinney and in which Noll and Crowson were passengers was traveling south and had just passed over the crest of the hill immediately prior to the collision. The Ford driven by Goley was traveling north.

Kinney's version of the accident: He was traveling south on Highway 220 with Crowson and Noll as passengers at a rate of approximately 40 to 45 miles per hour. As he approached the crest of the hill from the north side he could see south along the highway approximately 200 yards and saw the top of an approaching vehicle, which he later learned was being driven by Goley. The Goley vehicle appeared to be approximately three feet over on his (Kinney's) side of the road, so he took his foot off of the accelerator and placed it on the brake pedal. One of the passengers, he believed it was Noll, said: "What in the hell is this guy going to do?" but before this statement was completed and as Kinney placed his foot on the brake pedal, the approaching vehicle moved back onto its proper side of the highway. Kinney then started to put his foot on the accelerator to resume speed but before he did so, the approaching vehicle made a sharp left turn directly in front of him when the two vehicles were 60 to 75 yards apart. Kinney applied his brakes and blew his horn but was not able to avoid the collision. He did not see any turn signal given by the driver of the approaching vehicle, either by hand or by mechanical signaling device.

Goley's version of the accident: He was traveling north on Highway 220 towards Asheboro. At a point approximately 300 to 400 feet before he reached the service station which was located on the west side of the highway, he turned his signal lights on to make a left turn into the service station. He was traveling approximately 40 miles per hour but slowed down to about fifteen miles per hour and looked north on Highway 220 and saw nothing coming before attempting to make the left turn. He started making the left turn into the service station driveway at a point approximately 150 feet south from the crest of the hill and was then hit by the other vehicle, which he never saw approaching.

Crowson and Noll's (passengers) version of the accident: They were riding in the Kinney vehicle, Noll being seated in the front seat beside the driver and Crowson sitting in the rear seat behind Noll. When the approaching Goley vehicle was first observed, it appeared to be straddling the center line of the highway. It appeared that it would go back onto its side of the highway, but never did

completely and made an angled turn towards the service station, when the collision occurred. No turn signals were observed on the Goley vehicle. Kinney was traveling 50 to 60 miles per hour as he drove over the crest of the hill. He continued traveling straight ahead, did not reduce his speed or apply his brakes until he was 50 to 60 feet from the approaching vehicle, and did not blow his horn.

The physical evidence, as testified to ' by the Highway Patrolman who investigated the collision and as illustrated by photographs which were taken at the time, showed skid marks left by the Kinney vehicle for a distance of 72 feet, in a straight line leading to the point of impact. These skid marks were in the southbound traffic lane near the west side of the highway. The front of the Kinney vehicle and the right front of the Goley vehicle were smashed.

As a result of the collision, three civil actions were instituted and were subsequently consolidated for purposes of trial with the following results:

Case No. 1: Kinney (driver) v. Goley (driver), in which Kinney sued to recover for injuries allegedly sustained as a result of Goley's negligence and in which Goley answered, denying negligence on his part, pleading contributory negligence on the part of Kinney, and counterclaimed for injuries to Goley allegedly sustained as a result of Kinney's negligence. The jury answered the issues of negligence in favor of Kinney, against Goley, and awarded Kinney the sum of $45,000.00 as damages.

Case No. 2: Crowson (passenger) v. Goley (driver) and Kinney (driver), in which Crowson sued both drivers to recover for injuries allegedly sustained as a result of the negligence of each of the defendant drivers. The jury answered the issues of negligence in favor of Kinney, against Goley, and awarded Crowson damages in the sum of $6,000.00, recoverable solely from defendant Goley.

Case No. 3: Noll (passenger) v. Goley (driver) and Kinney (driver), in which Crowson sued both drivers to recover for inlegedly sustained as a result of the negligence of each of the defendant drivers. The jury answered the issues of negligence in favor of Kinney, against Goley, and awarded Noll damages in the sum of $100,000.00, recoverable solely from defendant Goley.

Kinney and Noll filed their respective actions (Cases Nos. 1 and 3) in the Superior Court of Guilford County, High Point Division. Crowson's action (Case No. 2) was instituted in the Municipal Court of the City of High Point and was later removed to the Su-

perior Court of Guilford County, High Point Division, upon motion of Goley over Crowson's objection.

From judgments entered upon the verdicts, defendant Goley has appealed in all three cases, and plaintiffs Crowson and Noll have each appealed in their respective cases, all appellants contending that a new trial should be granted because of errors committed by the trial judge during the consolidated trial of the three cases.

*J. W. Clontz, Jerry C. Wilson, Smith, Moore, Smith, Schell & Hunter, by Bynum M. Hunter and Larry B. Sitton, for appellee Donald Guy Kinney (plaintiff in Case No. 1 and defendant in Cases Nos. 2 and 3).*

*Ottway Burton, and Haworth, Riggs, Kuhn & Haworth, by John Haworth, for defendant appellant Charles R. Goley, Sr.*

*Arch K. Schoch, Jr., for appellant Kenneth E. Crowson (plaintiff in Case No. 2).*

*Jerry M. Shuping, and Smith & Casper, by Archie L. Smith for appellant John L. Noll, Jr. (plaintiff in Case No. 3).*

PARKER, J.

There is no substantial conflict in the evidence indicating that the automobile collision which gave rise to the three cases here on appeal occurred when the Goley vehicle, traveling north on Highway 220, turned from the northbound lane of travel to cross over the southbound lane in order to enter the service station on the west side of the highway. There is sharp conflict in the evidence, however, as to whether Goley had given a left turn signal before making the turn. Appellant Goley, a defendant in all three cases, assigns as error the trial judge's charge to the jury as to the effect of G.S. 20-154, if they should find as a fact that he had failed to give a proper turn signal. In this connection, the court charged:

> "If you should find from the evidence, and by its greater weight, that this defendant did fail to give such signal, either by the mechanical signal indicating a left turn, or by his hand straight out to the left, as the statute requires, that that would be negligence, per se, that is, that would be negligence of itself, but that wouldn't be enough to find him actionably negligent; so, you have to further find from the evidence, and by its greater weight, that such failure to give a signal was a proximate cause of the collision that took place; but if you find from the evidence, and by its greater weight, that he did fail to give

the signal required by statute, and that that was a proximate cause of the collision, then the Court charges you it would be your duty to answer that first issue, 'Yes,' under those circumstances."

The above-quoted portion of the charge, which was the subject of appellant Goley's Exception No. 9, was given in connection with the judge's charge to the jury in the case in which Kinney was plaintiff and Goley was defendant, and the first issue referred to was as to whether plaintiff Kinney was injured by the negligence of defendant Goley. By a subsequent portion of the charge, which is the subject of appellant Goley's Exception No. 21, the trial judge charged in each of the three cases that if the jury should find from the evidence and by its greater weight that:

"(I)f he (Goley) started making his turn without having given a signal for making a turn, as required by statute; and, if you are further satisfied from the evidence and by its greater weight that . . . such failure to give a signal, as required by statute, a distance of 200 feet back from where he turned, if you find that either of those was a proximate cause, a cause without which the collision would not have occurred and one which he should have foreseen that such collision was likely, or that something similar was likely to happen, then the Court charges you that it would be your duty to answer that issue 'Yes.' "

The issue referred to in each of the three cases was as to whether plaintiff was injured by negligence of defendant Goley.

**[1]** Prior to 1 July 1965, failure to give a turn signal as and when required by G.S. 20-154 had been held by the North Carolina Supreme Court to be negligence *per se. Cowan v. Transfer Co.,* 262 N.C. 550, 138 S.E. 2d 228; *Mitchell v. White,* 256 N.C. 437, 124 S.E. 2d 137; *Grimm v. Watson,* 233 N.C. 65, 62 S.E. 2d 538. By Chapter 768 of the 1965 Session Laws the Legislature amended G.S. 20-154(b), effective 1 July 1965, by adding thereto a proviso as follows:

"(P)rovided further that the violation of this section shall not constitute negligence per se."

The collision in the present case occurred after the effective date of this amendment.

In *Cowan v. Transfer Co., supra,* Moore, J., in discussing another highway safety statute which had also been amended by the Legis-

lature to provide that a violation was not to be considered negligence *per se,* stated:

> "It is the generally accepted view that the violation of a statute enacted for the safety and protection of the public constitutes negligence *per se, i.e.,* negligence as a matter of law. The statute prescribes the standard, and the standard fixed by the statute is absolute. The common law rule of ordinary care does not apply — proof of the breach of the statute is proof of negligence. The violator is liable if injury or damage results, irrespective of how careful or prudent he has been in other respects. No person is at liberty to adopt other methods and precautions which in his opinion are equally or more efficacious to avoid injury. But casual connection between the violation and the injury or damage sustained must be shown; that is to say, proximate cause must be established. In short, where a statute or municipal ordinance imposes upon any person a specific duty for the protection or benefits or others, if he neglects to perform that duty, he is liable to those for whose protection or benefit it was imposed for any injuries or damage of the character which the statute or ordinance was designed to prevent, and which was proximately produced by such neglect, provided the injured party is free from contributory negligence. *Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 311; 38 Am. Jur., Negligence, § 158, pp. 827-829; 65 C.J.S., Negligence, § 19, pp. 418-420.

> "Where, as in G.S. 20-149(b), a violation is declared not to be negligence *per se,* the common law rule of ordinary care applies, and a violation is only evidence to be considered with other facts and circumstances in determining whether the violator used due care.

> "The distinction, between a violation of a statute or ordinance which is negligence *per se* and a violation which is not, is one of duty. In the former the duty is to obey the statute, in the latter the duty is due care under the circumstances. In both instances other facts and circumstances are to be considered on the question of proximate cause; in the latter, other facts and circumstances are to be considered also on the question of negligence. In practical effect the real distinction is not so great as seems apparent from the definitions."

**[2]** When the trial court in the cases presently before us instructed the jury that if they found as a fact that Goley had failed to give the turn signal as required by G.S. 20-154 the violation of the statute would be negligence *per se,* the court usurped one of the

functions of the jury. Since a violation of G.S. 20-154 is no longer to be considered negligence *per se,* the jury, if they find as a fact the statute was violated, must consider the violation along with all other facts and circumstances and decide whether, when so considered, the violator has breached his common law duty of exercising ordinary care. If a violation of the statute is to be considered negligence *per se,* the jury would not need to perform this function, since the statute, rather than the common law duty of ordinary care, would provide the applicable standard.

The trial court did read to the jury G.S. 20-154 in its entirety, including the proviso that violation of its provisions should not be considered negligence *per se.* However, simply reading the amended statute could not effectively correct the judge's erroneous charge by which he had instructed the jury directly contrary to the provisions of the amended statute. Conflicting instructions to the jury upon a material point, the one correct and the other incorrect, must be held for prejudicial error, requiring a new trial, since it cannot be known which instruction was followed by the jury in arriving at a verdict. *Barber v. Heeden,* 265 N.C. 682, 144 S.E. 2d 886.

**[3]** Appellee Kinney contends, nevertheless, that any error in the judge's charge in this connection was rendered harmless when the judge went on to charge the jury:

> "Defendant says that didn't have anything in the world to do with it, that the man was already over in the plaintiff's lane when he first saw him and that that put him on notice, that he didn't need any further signal, and the Court charges you that you are to remember the evidence, and that if, under this evidence, you are of the opinion that he was already on notice about it, and that such a signal was not necessary, then you would not consider that at all in the matter to be considered as negligence."

We view this portion of the charge as relating to the question of whether failure to give the signal as required by G.S. 20-154(b) was a proximate cause of the collision, rather than as relating to the question of whether Goley had breached his duty of ordinary care. In any event, since it is impossible to know which of the sharply conflicting versions of the collision the jury found to be the truth of the matter, the above portion of the charge could not eliminate the prejudicial error which was contained in the court's previous very clear, but erroneous, instruction that failure to give the turn signal required by the statute must be considered negligence of itself. Since the erroneous portion of the charge was relevant to all three cases

here on appeal, appellant Goley is entitled to new trials in all three of the cases. In view of this holding, it is not necessary that we consider appellant Goley's remaining assignments of error, which relate to other portions of the court's instructions to the jury.

[4, 5]   Appellants Crowson and Noll each assign as error the action of the trial judge in consolidating the three cases for trial over their objections. It is well established that the trial court possesses discretionary power in proper cases to order the consolidation of actions for trial. *Kanoy v. Hinshaw*, 273 N.C. 418, 160 S.E. 2d 296; *Davis v. Jessup*, 257 N.C. 215, 125 S.E. 2d 440; *Peeples v. R. R.*, 228 N.C. 590, 46 S.E. 2d 649; 1 McIntosh, N. C. Practice 2d, §§ 1342, 1343. In *Kanoy v. Hinshaw, supra,* while a majority of the Supreme Court approved consolidation under the facts there presented, the Court, speaking through Branch, J., said: "We do wish to stress, however, that in considering consolidation of actions for trial, the trial court should carefully weigh the possibilities of confusion, misunderstanding or prejudice to the parties which might arise from such consolidation." Consideration of the appeal presently before us leads to the conclusion that it would be better to try the actions brought by Crowson and Noll, passengers in the Kinney automobile, separately from the action brought by driver Kinney against driver Goley. The issue of contributory negligence is not involved in the actions brought by the two passengers against both drivers. It is directly involved in the action brought by one driver against the other driver. Consolidation of the three cases for trial presents difficulties in charging the jury in a manner which will not lead to confusion. Under similar circumstances, the North Carolina Supreme Court has held that it would be better practice not to consolidate for purposes of trial. *Dixon v. Brockwell*, 227 N.C. 567, 42 S.E. 2d 680.

[6]   Appellant Crowson also assigns as error the removal of his action from the Municipal Court of the City of High Point, in which it was originally instituted, to the Superior Court of Guilford County, High Point Division, which action was taken by the trial court on motion of defendant Goley but over objection of plaintiff Crowson. This contention, however, has been rendered moot by the effectuation of the Judicial Department Act of 1965, G.S. 7A-1, *et seq.*, in the Eighteenth District. G.S. 7A-131. Upon remand of all three of the cases involved in this appeal for new trial, the trial would properly be held in the superior court division, since the amount in controversy in each case exceeds $5,000.00. G.S. 7A-243.

We deem it unnecessary to consider the remaining assignments

PINEY MOUNTAIN PROPERTIES v. SUPPLY CO.

of error made by appellants Crowson and Noll, since in any event there must be new trials and the questions raised will probably not recur.

New trial.

MALLARD, C.J., and BROCK, J., concur.