WILLIAM HENRY BANKS v. MAUDE OWENS BANKS

No. 701DC171

(Filed 6 May 1970)

**Divorce and Alimony § 16—    cross-claim for alimony — abandonment — instructions — burden of proof**

In this action by plaintiff husband for absolute divorce on the ground of one year's separation wherein defendant wife cross-claimed for alimony on the ground of constructive abandonment by the husband, the trial court erred in giving the jury an instruction which in effect placed the burden of proof on the issue of abandonment on plaintiff husband, the burden of proof on that issue being on the wife.

APPEAL by plaintiff from *Blythe, District Judge,* 10 October 1969 Session of PASQUOTANK District Court.

Plaintiff husband filed complaint seeking an absolute divorce on the ground of one year's separation. Defendant answered and filed

cross action for alimony, alleging that plaintiff had maliciously turned her out of doors and had constructively abandoned her. There was no conflict in the evidence that the parties were married on 20 May 1946 and thereafter lived together until 11 August 1967, when defendant left their home in North Carolina and went to live in New York, and that they remained continuously separate and apart thereafter. The jury answered issues as to the marriage, the residence of the plaintiff, and the separation, in favor of the plaintiff, and answered fourth and fifth issues as follows:

"4. Did the plaintiff wrongfully and unlawfully abandon the defendant as alleged in the answer?

"ANSWER: Yes.

"5. Has the plaintiff committed the designated grounds for alimony?

"ANSWER: Yes."

Judgment was entered dismissing plaintiff's action for absolute divorce and awarding defendant permanent alimony and counsel fees. Plaintiff appealed, assigning errors.

*Twiford & Abbott, by William Brumsey, III, for plaintiff appellant.*

*Worth & Beaman, by Grafton G. Beaman, for defendant appellee.*

PARKER, J.

When first charging the jury upon the fourth issue, the court properly placed the burden of proof on the defendant. Later in the charge the court instructed the jury:

"Now, ladies and gentlemen of the jury, if you should find that the conduct of the husband was such as would cause his wife to leave, if she was treated with such indignities or abusement that would make it justifiable then, of course, you would answer this issue yes, *but if you find that, from the evidence and the greater weight thereof, that the husband, in this instance Mr. Banks, did no act or mistreated his wife to the extent that she was justified in leaving, then you would answer that issue no."* (Emphasis added.)

The effect of the last quoted portion of the charge was to place the burden of proof as to the fourth issue upon the plaintiff. In so doing the court committed error. Litigants have a substantial right in having the burden of proof properly placed, for upon it many cases are

made to turn. *Williams v. Insurance Co.*, 212 N.C. 516, 193 S.E. 728. Erroneous or conflicting instructions thereon must be held for prejudicial error. *Barber v. Heeden*, 265 N.C. 682, 144 S.E. 2d 886.

Appellant noted exceptions and assigned errors to other portions of the charge. Some of these assignments appear to have merit. We also note that the meaning of the fifth issue as submitted to the jury is obscure. In addition, although the matter is not discussed in appellant's brief and for that reason we do not pass upon it, on the record before us it is questionable if defendant's evidence was sufficient to warrant submission of the fourth and fifth issues to the jury. However, we refrain from discussing other errors in the trial since in any event, for the error noted above, there must be a

New trial.

CAMPBELL and VAUGHN, JJ., concur.