KENNETH MOORE MINTZ v. ROBERT LEE FOSTER

No. 7722SC250

(Filed 21 March 1978)

1. **Automobiles § 45.6— blackboard diagram—no introduction into evidence—no prejudice shown**

    Defendant's contention that the trial court erred in permitting the plaintiff's witness to illustrate his testimony with a diagram drawn by him on a blackboard without testimony that it fairly represented the scene of the accident is without merit, since the diagram was not offered into evidence for any purpose; furthermore, defendant failed to show that use of the diagram was prejudicial and, without its erroneous use, a different result would have been likely.

2. **Automobiles § 80.1— turning into path of oncoming vehicle—no contributory negligence of driver of oncoming vehicle**

    In an action to recover for personal injuries sustained by plaintiff in a collision between his motorcycle and defendant's truck, the trial court did not err in refusing to submit to the jury an issue of plaintiff's contributory negligence, since defendant presented no evidence; plaintiff's evidence tended to show no negligence on his part but tended to show that he was within the speed limit, in his own lane, and had to swerve to the right and brake in an effort to avoid defendant's truck, which had turned into plaintiff's lane; and the doctrine of *res ipsa loquitur* was inapplicable in this case.

3. **Automobiles § 90.14— violation of safety statute as negligence per se—jury instruction erroneous**

    In an action to recover for injuries sustained by plaintiff in a collision between plaintiff's motorcycle and defendant's truck where the evidence tended to show that defendant had pleaded guilty to a traffic violation for "failure to see that intended movement could be made," the trial court erred in instructing the jury that "violation of a statute of a motor vehicle traffic law, enacted for public safety, is negligence within itself," since the statute which defendant had violated, G.S. 20-154, specifically provided that a violation of that statute would not constitute negligence *per se*.

APPEAL by defendant from *Graham, Judge.* Judgment entered 12 November 1976 in Superior Court, DAVIE County. Heard in the Court of Appeals 30 January 1978.

Plaintiff instituted this action to recover damages for personal injuries and property damage resulting from a collision between plaintiff's motorcycle and defendant's truck allegedly caused by the defendant's negligence. The defendant answered, denying negligence and alleging that the plaintiff was contributorily negligent.

At the trial, the plaintiff's evidence tended to show that: the accident occurred at approximately noon on 5 December 1972 in clear, dry weather; plaintiff was traveling west on U.S. Highway 158; defendant was traveling east and was attempting to make a left turn across the plaintiff's lane into a dirt road; the speed limit on the highway at that point was 55 miles per hour; plaintiff does not recall anything about the accident other than that he was going about 48 miles per hour and had speeded up slightly just before the accident; visibility was clear for about one-quarter of a mile; plaintiff's motorcycle left 40 feet of "indentions" in the pavement, and plaintiff ended up on the extreme right side of his lane near the entrance to the dirt road; defendant's truck left no skid marks and was observed after the accident by Officer Grooms as being partially on the dirt road and partially on U.S. Highway 158; defendant informed Officer Grooms that he had backed the truck up about three feet after the accident because plaintiff was under the front bumper; defendant also stated to Officer Grooms that he never saw the motorcycle prior to the collision; defendant pleaded guilty to a traffic violation for "failure to see that intended movement could be made"; plaintiff suffered extensive permanent injuries and incurred medical bills of approximately $14,000; and in the year prior to the accident plaintiff earned approximately $35,000 as a farmer but earned nothing for two years after the accident as a result of his injuries. Defendant presented no evidence but moved for a directed verdict. The motion was denied. The court refused to submit an issue of contributory negligence, although defendant requested one. The jury found that plaintiff was injured as a result of defendant's negligence and awarded damages of $10,000. The court set aside the verdict on the issue of damages and granted a new trial on that issue. Defendant appealed.

*White & Crumpler, by Fred G. Crumpler, Jr., Harrell Powell, Jr., Michael J. Lewis, and David R. Tanis, for plaintiff appellee.*

*Brinkley, Walser, McGirt & Miller, by G. Thompson Miller; and William E. Hall, for defendant appellant.*

ERWIN, Judge.

The defendant first assigns error to the trial court's failure to direct a verdict in his favor, contending there was no evidence of actionable negligence. This assignment is overruled. On a motion by a defendant for a directed verdict under Rule 50(a), plaintiff's evidence must be taken as true and must be considered in the light most favorable to him, giving plaintiff the benefit of every reasonable inference to be drawn from such evidence. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E. 2d 678 (1977). The record reflects ample evidence which would permit the jury to find defendant negligent.

[1] Defendant next assigns as error the trial court's permitting plaintiff's witness, Officer Grooms, to illustrate his testimony with a diagram drawn by him on a blackboard without testimony that it fairly represented the scene of the accident. First, we note that the diagram was not offered into evidence for any purpose, nor has any reproduction of the diagram been furnished this Court. Further, defendant must show not only a lack of authentication, but also that the use of the diagram was prejudicial and without its erroneous use, a different result would have been likely. *State v. Harris*, 23 N.C. App. 77, 208 S.E. 2d 266 (1974). This showing the defendant has failed to make.

[2] In his third assignment, defendant contends that the trial court erred in refusing to submit to the jury an issue of contributory negligence. The record shows that defendant offered no evidence. Plaintiff's evidence showed no negligence on his part, but tended to show plaintiff was within the speed limit, in his own lane, and had to swerve to the right and brake in an effort to avoid defendant's truck, which had turned into plaintiff's lane. Defendant's contention that the doctrine of *res ipsa loquitur* may apply here, permitting the inference that plaintiff was contributorily negligent in that his motorcycle left the highway ". . . without showing any reason for doing so . . .", is totally

groundless. This is not a situation where the nature of the occurrence itself would raise an inference of negligence. On the evidence here, it was not unusual for the motorcycle to have left the road.

The burden of proof on contributory negligence is clearly on defendant. *Clary v. Board of Education*, 286 N.C. 525, 212 S.E. 2d 160 (1975). The issue should not be submitted to the jury unless there is evidence from which contributory negligence could reasonably be inferred. *Atkins v. Moye*, 277 N.C. 179, 176 S.E. 2d 789 (1970). "Evidence which raises a mere conjecture is insufficient for the jury." *Bruce v. Flying Service*, 234 N.C. 79, 85, 66 S.E. 2d 312, 316 (1951). The evidence was insufficient here to dictate an instruction on contributory negligence.

[3] A fourth assignment of error relates to the following portion of the trial court's charge:

> "I instruct you that the violation of a statute of a motor vehicle traffic law, enacted for public safety, is *negligence within itself*, unless the statute provides for the contrary. Where a public safety statute has been enacted, the statute determines what must be done or what must not be done. The statute describes a standard. And that standard is absolute. The reasonable person test does not apply. Proof of a violation of a statute is proof of negligence . . ." (emphasis added).

Plaintiff offered into evidence the court records pertaining to defendant's guilty plea to the charge that he ". . . did unlawfully and willfully operate a motor vehicle on a public street or public highway, by failing to see before turning from a direct line that such movement could be made in safety." The implication of this instruction is that violation of a safety statute, which we here conclude must have been N.C. G.S. 20-154(a), constitutes negligence *per se*. However, 20-154(d) states: "A violation of this section shall not constitute negligence per se." As Judge Parker wrote for this Court in *Kinney v. Goley*, 4 N.C. App. 325, 332, 167 S.E. 2d 97, 102 (1969):

> "Since a violation of G.S. 20-154 is no longer to be considered negligence *per se*, the jury, if they find as a fact the statute was violated, must consider the violation along with all other facts and circumstances and decide whether, when so con-

sidered, the violator has breached his common law duty of exercising ordinary care."

We hold this instruction to be prejudicial error. In the *Kinney* case, *supra*, this Court further held that the trial court's having read G.S. 20-154 in its entirety to the jury did not cure the erroneous portion of the charge:

"Conflicting instructions to the jury upon a material point, the one correct and the other incorrect, must be held for prejudicial error, requiring a new trial, since it cannot be known which instruction was followed by the jury in arriving at a verdict. *Barber v. Heeden*, 265 N.C. 682, 144 S.E. 2d 886." *Kinney v. Goley*, *supra*, at 332.

While the trial court did add the qualifying statement, "unless the statute provides for the contrary," it did not add that this statute does "provide for the contrary," leaving the jury with the impression that violation of this statute did constitute negligence *per se*.

This error requires a new trial on all issues. While we therefore need not reach the defendant's last assignment, that the trial court abused its discretion in only setting aside the verdict as to damages, we note that the verdict was for $10,000, the amount of defendant's insurance coverage, when the hospital and doctors' bills far exceeded that amount. This strongly suggests a compromise verdict. *See Robertson v. Stanley*, 285 N.C. 561, 206 S.E. 2d 190 (1974).

The judgment is reversed, and this cause is remanded for a new trial on all issues.

New trial.

Judges MORRIS and VAUGHN concur.