MARTHA JONES v. CHARLES MORRIS AND JOSEPH JONES

No. 7819SC881

(Filed 19 June 1979)

1. **Automobiles §§ 90.2, 90.3— instructions on two allegations of negligence not conflicting**

   The trial court's instruction that the failure of a driver to keep a proper lookout would constitute negligence was not inconsistent with the court's instruction later in the charge that it would not be negligence within itself for a driver to violate his duty to maintain a reasonable lookout for other vehicles when he enters an intersection on a green light, since the court's instructions did not relate to a single allegation of negligence but related to two separate allegations of negligence.

2. **Appeal and Error § 50.2— rights determined by answer to one issue—error in instructions on other issues**

   Where the rights of the parties are determined by the jury's answer to one of the issues, any error relating to another issue cannot be prejudicial.

APPEAL by plaintiff from *Seay, Judge*. Judgment entered 12 May 1978 in Superior Court, MONTGOMERY County. Heard in the Court of Appeals 31 May 1979.

Plaintiff filed a complaint seeking to recover for personal injuries sustained in an automobile accident. She alleged that both defendants "negligently and carelessly operated their motor vehicles in such a way as to be the proximate cause of the said accident."

Defendant Morris filed answer denying the allegations of negligence and asserting a crossclaim for contribution against defendant Jones. Defendant Jones filed answer denying the allegations of negligence and a crossclaim against defendant Morris for contribution. He also sought property damages to his own automobile from defendant Jones. Defendant Morris later amended his crossclaim against Jones to allege an additional claim for property damage and loss of use of his vehicle while it was being repaired. Just prior to trial, and before plaintiff had put on evidence, she gave notice of voluntary dismissal with prejudice of her claim against her husband, defendant Jones.

At the conclusion of all the evidence, the trial court submitted seven issues to the jury and they were answered as indicated:

1. Was the plaintiff, Martha Jones, injured and damaged by the negligence of the defendant, Charles Morris, as alleged in the complaint?

ANSWER: No.

2. Was Joseph Jones also negligent and did such negligence concur with the negligence of Charles Morris?

ANSWER:

3. What amount, if any, is the plaintiff, Martha Jones, entitled to recover for personal injuries?

ANSWER:

4. Was Joseph Jones damaged by the negligence of the defendant, Charles Morris?

ANSWER: No.

5. What amount, if any, is Joseph Jones entitled to recover of Charles Morris for damages to his vehicle?

ANSWER:

6. Was Charles Morris damaged by the negligence of Joseph Jones?

ANSWER: Yes.

7. What amount, if any, is Charles Morris entitled to recover of Joseph Jones for damages to his motor vehicle?

ANSWER: $1,335.00

From judgment entered in accordance with the jury verdict, plaintiff appealed. In light of the limited questions pertaining to the trial court's instructions raised by this appeal, it is unnecessary to summarize what the evidence of the parties tended to show. The other few facts necessary to this decision are hereinafter noted.

*Seawell, Pollock, Fullenwider, Robbins & May, by Bruce T. Cunningham, Jr., for plaintiff appellant.*

*Smith, Moore, Smith, Schell & Hunter, by Vance Barron, Jr., for defendant Morris appellee.*

CARLTON, Judge.

Plaintiff contends that the trial court erred in giving instructions to the jury with respect to the first and second issues. We do not agree.

In her complaint, plaintiff alleged that defendants were negligent in three particulars: (1) that both drivers failed to keep a proper lookout, (2) that both drivers failed to observe traffic signals properly functioning in the intersection, and (3) that both failed to operate their motor vehicles with proper care.

[1] The trial judge gave proper instructions to the jury with respect to each of the three allegations of negligence. Plaintiff contends, however, that the approved instruction with respect to improper lookout is *inconsistent with* the approved instruction with respect to the duty of a motorist entering an intersection governed by traffic signals. In the former, the approved instruc-

tion concludes with the statement: "[A] violation of this duty is negligence." In the latter, the instruction reads as follows:

Now, further, a person who operates a motor vehicle on a public street or public highway is under a duty to obey the electric traffic control signal duly erected at an intersection. When the light is red, a motorist is required to stop. When the light is green, the motorist may proceed into the intersec- tion, but in doing so, he must maintain a reasonable lookout for other vehicles in or approaching the intersection. A viola- tion of any one of these duties is not negligence within itself; however, the evidence with regard to it is to be considered with all the other facts in evidence in determining whether Charles Morris is negligent.

Plaintiff apparently does not challenge the accuracy of the in- structions with respect to the particular allegations. She argues simply that it is inconsistent for the court to instruct that a driver must keep a lookout as a reasonably careful and prudent person would keep under the circumstances then existing and that the violation of such duty would constitute negligence while, at a later part in the charge, instructing the jury that it would not be negligence within itself for a driver to violate his duty to maintain a reasonable lookout for other vehicles when he enters an intersection on a green light. Plaintiff relies on several criminal cases in which our Supreme Court has established the principle that a new trial is necessary where instructions are in- consistent because the jury may have acted upon an incorrect in- terpretation of the law. *See State v. Carelock*, 293 N.C. 577, 238 S.E. 2d 297 (1977).

It is clearly the law in this jurisdiction that conflicting in- structions to the jury upon a material point, the one correct and the other incorrect, must be held for prejudicial error, requiring a new trial, since it cannot be known which instruction was fol- lowed by the jury in arriving at a verdict. This is true in civil as well as criminal cases. *See Kinney v. Goley*, 4 N.C. App. 325, 167 S.E. 2d 97 (1969); *Barber v. Heeden*, 265 N.C. 682, 144 S.E. 2d 886 (1965).

Plaintiff's reliance on the principle stated above, however, is misplaced. To fall within the protection of the principle, plaintiff must show that the conflict in the instructions was with respect

to a single allegation of negligence and not to separate allegations as here. For example, in Kinney, *supra*, the trial judge first instructed the jury that failure to give a turn signal as required by G.S. 20-154 would be negligence *per se*. Later in the charge, the trial judge read the statute to the jury in its entirety including the proviso that violation of its provisions should not be considered negligence *per se*. In that instance, the judge's instructions with respect to a particular alleged act of negligence were obviously inconsistent. One portion of the charge was correct and the other was incorrect. There was no method to determine which instruction was followed by the jury in arriving at a verdict. It is this type of conflict in instructions which led to the principle upon which plaintiff relies on this appeal.

Here, however, the trial court did not give a conflicting instruction with respect to a single alleged act of negligence. Plaintiff elected to proceed on three alleged acts of negligence including (1) improper lookout, (2) improper control, and (3) failure to observe properly functioning traffic signals in an intersection. The trial court gave proper instructions, in separate paragraphs, with respect to each of these three allegations. In the very next paragraph the court charged as follows:

> Now, finally, as to this first issue, I instruct you that if the plaintiff has proved, that is, plaintiff, Martha Jones, has proved by the greater weight of the evidence that at the time of the collision that the defendant, Charles Morris, was negligent in any one or more of the following respects, that is, that the defendant, Charles Morris, failed to keep a proper lookout, failed to keep his vehicle under proper control, or that he failed to obey the electric traffic control signal and entered the intersection on the red light.

From the above quoted language of the instructions, it is clear that the court submitted the various alleged acts of negligence of defendant Morris to the jury *alternatively*. Having previously properly instructed the jury with respect to each of the alleged acts of negligence, we hold that the instructions were not conflicting and this assignment of error is overruled.

[2] Plaintiff next contends that the trial court erred in instructing the jury under the second issue that both defendants could be jointly and severally liable to the plaintiff. First, we find the

instructions were properly stated. Moreover, if there were error it was not prejudicial because the rights of the parties with respect to any negligence having been committed against the plaintiff was determined by the jury in the first issue. The jury, in the first issue, had found that defendant Morris was not negligent and therefore not liable to the plaintiff. Plaintiff had taken a voluntary dismissal as to defendant Jones. The trial court had instructed the jury not to answer the second issue if they decided the first issue in favor of defendant Morris and the jury followed the trial court's instructions. Hence, the jury did not reach the second issue relating to contribution. Where the rights of the parties are determined by the jury's answer to one of the issues, error relating to another issue cannot be prejudicial. 1 Strong, N.C. Index 3d, Appeal and Error, § 50.2, p. 323; *Superior Foods, Inc. v. Harris-Teeter Super Markets, Inc.*, 24 N.C. App. 447, 210 S.E. 2d 900 (1975), *affirmed*, 288 N.C. 213, 217 S.E. 2d 566 (1975). This assignment of error is overruled.

Finally, we note that counsel for plaintiff ignored the requirements of Appellate Rule 10(b)(2). The Rules of Appellate Procedure are mandatory and plaintiff's appeal could have been dismissed for that reason.

In the trial below, we find

No error.

Judges VAUGHN and CLARK concur.