JULIE ANN DRAKE CHURCH v. WANDA BURNEY GREENE

No. 8926SC1405

(Filed 20 November 1990)

**Automobiles and Other Vehicles § 596 (NCI4th) — automobile accident — left turn — contributory negligence**

There was no reversible error in an action arising from an automobile accident tried before a judge where plaintiff was struck in the left side as she made a left turn; plaintiff testified that she last looked into her side mirror 115 feet before her turn; the trial court erroneously directed a verdict against plaintiff on the ground that she was contributorily negligent as a matter of law for turning left without ascertaining that she could do so in safety in violation of N.C.G.S. § 20-154; and the court also made a factual finding from the evidence that plaintiff was contributorily negligent. Although a new trial would be ordered if the case had been tried before a jury, ordering a new trial before a fact-finder who has permissibly found plaintiff contributorily negligent would avail her nothing.

Am Jur 2d, Automobiles and Highway Traffic §§ 238, 882-884.

APPEAL by plaintiff from judgment entered 18 July 1989 by *Judge Claude S. Sitton* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 23 August 1990.

*Joel L. Kirkley, Jr. for plaintiff appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by Philip R. Hedrick, for defendant appellee.*

CHURCH v. GREENE

[100 N.C. App. 675 (1990)]

PHILLIPS, Judge.

While undertaking to turn left on a two lane road, plaintiff's automobile was struck in the left side by defendant's following vehicle. Plaintiff's action for the damages allegedly sustained was tried to the judge under an agreement that if it was disposed of by a directed verdict under Rule 41(b) of the N.C. Rules of Civil Procedure findings of fact would not be necessary. After the close of plaintiff's evidence a verdict was directed against plaintiff on the ground that she was contributorily negligent as a matter of law for turning left on the highway without first ascertaining that she could do so in safety as G.S. 20-154 requires. No facts were found.

Plaintiff's evidence, when taken in the light most favorable to her, shows the following: While driving her car on Plaza Road Extension in Cabarrus County plaintiff turned onto Starwood Road, a two lane road that led to her mother's house about 115 feet from the intersection. Knowing that she would soon make a left turn, she looked into her side mirror, noticed that no one was behind her, signaled for a left turn, and proceeded at a speed of 10 to 15 miles per hour. When opposite the driveway to her mother's house she swung her car slightly to the right before undertaking to turn left, and as she started into the turn she again looked in her side mirror and saw defendant's car immediately before it struck hers.

Under G.S. 20-154(a), a motor vehicle driver before "turning from a direct line" is required to "first see that such movement can be made in safety." Plaintiff's failure to again look for following or passing vehicles before beginning the left turn is evidence that she violated this statute and was contributorily negligent. Since the evidence does not indicate how far following vehicles could be seen, ascertaining when 115 feet away that no vehicle was behind her and signaling for a left turn did not necessarily meet the statute's requirements. But even if plaintiff violated the statute it was not negligence *per se*, G.S. 20-154(d), and the court's ruling that plaintiff was contributorily negligent as a matter of law is not legally correct.

In *Spruill v. Summerlin*, 51 N.C.App. 452, 276 S.E.2d 736 (1981), factually similar to this case, the Court quoted with approval the following from *Mintz v. Foster*, 35 N.C.App. 638, 641-42, 242 S.E.2d 181, 184 (1978):

Since a violation of G.S. 20-154 is no longer to be considered negligence per se, the jury, if they find as a fact the statute was violated, must consider the violation along with all other facts and circumstances and decide whether, when so considered, the violator has breached his common law duty of exercising ordinary care.

But unlike that case, this one was not tried by a jury, and though the judge's determination that plaintiff was contributorily negligent as a matter of law was error, it was not reversible error, as that determination is surplusage. For the transcript indicates that the judge made a factual finding from the evidence that plaintiff was contributorily negligent, a finding clearly supported by competent evidence. If the case had been tried to a jury and dismissed before they considered it a new trial would have to be ordered. But ordering a new trial before a fact-finder who has permissibly found that plaintiff was contributorily negligent and cannot prevail in her action would avail her nothing.

Affirmed.

Judges JOHNSON and PARKER concur.