***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ledford, and the briefs before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission hereby reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Commission, which has jurisdiction of the parties and the subject matter pursuant to the Tort Claims Act, N.C. Gen. Stat. § 143-291 et seq.
2. All parties have been correctly designated and there is no question as to the joinder or nonjoinder of parties.
3. The injury or accident giving rise to this claim occurred in Harnett County near Lillington, North Carolina, on Mount Olive Church Road (RR 1245) on April 3, 2000, at or near 7:55 a.m.
4. At the time of the accident, the plaintiff was operating a 1987 Oldsmobile Cutlass vehicle, and Lavanda McNeill Blackmon was operating a 1990 Chevrolet school bus, owned by Harnett County School Board, an agency of the State of North Carolina.
5. The parties stipulated that the following exhibits might be offered by plaintiff and that the same were genuine and authentic, and if relevant and material, could be received as evidence:
a. Photographs of the accident scene;
b. Photograph of the plaintiff's damaged vehicle;
c. Accident Investigation Report (DMV-349);
d. Repair estimate from Boggs' Body Shop;
e. Deposition of Dr. Robert Patterson and Exhibits attached thereto;
f. Medical records of plaintiff;
g. Medical expense summary and attached bills of plaintiff;
h. Deposition of F. Darryl Barile and Exhibits attached thereto;
i. Deposition of Lavanda Blackmon and Exhibits attached thereto;
j. Deposition of Gwendolyn Thomas and Exhibits attached thereto;
k. Any and all pleadings filed in this action;
l. Any and all discovery materials provided by either party in this action;
m. Defendants responses to requests for admission; and,
n. Any and all Exhibits listed by the Defendant.
6. The parties stipulated that the following exhibits might be offered by defendants and that the same were genuine and authentic, and if relevant and material, could be received as evidence:
a. Photographs of accident scene taken by F. Darryl Barile;
b. Video of accident scene taken by F. Darryl Barile;
c. Deposition of F. Darryl Barile and Exhibits attached thereto;
d. All pleadings filed in this action;
e. All discovery materials produced by either party to this action;
f. All medical records of plaintiff;
g. Any and all Exhibits listed by plaintiff;
h. Any and all depositions not previously listed that have been taken in this action;
i. Affidavit of L. F. Bullock, DOT paint crew supervisor; and,
j. Affidavit of Ronald S. McDonald, Transportation Director Harnett County Schools Transportation Department.
7. The following are the contested issues:
a. Was plaintiff Barbara Mae McLean injured or damaged by the negligence of the agent of defendant Harnett County Board of Education?
b. Did the plaintiff Barbara Mae McLean by her own negligence cause or contribute to her own injuries or damages?
c. What amount is plaintiff Barbara Mae McLean entitled to recover of the defendant Harnett County Board of Education?
 ***********
Based upon all the competent evidence of record, and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of hearing, Lavanda Blackmon, the school bus driver, was 55 years of age. She has driven school buses since 1964, when she was a student driver in high school. On the date of the accident, Ms. Blackmon had been a school bus driver for special needs children for 6 or 7 years. She had been driving the designated bus route for about two years, and had been picking up a student, Lewis, on that route for almost a year. The special needs bus is shorter than a standard size bus.
2. As of the accident date, Gwendolyn Thomas had served for about two years as a monitor on the special needs bus driven by Ms. Blackmon. Ms. Thomas made sure that the children could get onto and off the bus safely and were strapped into their seats. She was on the bus on the date of accident.
3. The collision that is the subject of this claim occurred on April 3, 2000, on RP 1245 in Lillington, North Carolina at approximately 7:55 a.m. The bus, driven by Ms. Blackmon, and a car, driven by plaintiff Barbara McLean, collided near Veronica Lane.
4. On this bus route, Ms. Blackmon picked up two students within a few car lengths. The second student picked up was "Lewis." Ms. Blackmon's normal routine on this bus route was to pick up Lewis and then proceed north on RP 1245 to the intersection with Veronica's Lane, which was less than 300 feet ahead of the last stop on the left. She would then turn left onto Veronica's Lane and perform a three-point turn, backing out onto RP 1245 to proceed south.
5. As a matter of routine, after picking up Lewis, Ms. Blackmon would close the bus door, put on her left turn signal, check for traffic, and check the bus mirror to be sure all children were seated before pulling off from the stop. Ms. Thomas, the bus monitor has observed that Ms. Blackmon consistently checks for traffic and turns on her signal before turning left onto Veronica's Lane.
6. As RP 1245 nears Veronica's Lane going north, there is a curve in the road, and this is a no-passing zone approaching that curve. The point at which the passing zone is available for northbound traffic is less than 100 feet from the intersection with Veronica's Lane.
7. On the morning of the accident, April 3, 2000, plaintiff was traveling north on RP 1245 behind Ms. Blackmon's bus while it made stops to pick up students. Plaintiff was on her way to work and was driving her boyfriend's vehicle. She testified RP 1245 was less than a half mile from her home, and that she traveled this route often.
8. As the school bus approached Veronica's Lane, plaintiff decided to pass the bus and pulled into the left-hand (on-coming) traffic lane. Plaintiff testified that she was able to see that passing lane was clear of oncoming traffic. At this same moment, Ms. Blackmon was preparing to turn left onto Veronica Lane to make her usual three-point turn. Ms. McLean's car came alongside the bus, and was seen by Gwendolyn Thomas, who then yelled to Ms. Blackmon. However, by this time, Ms. Blackmon had already started her turn and it was too late to avoid the collision.
9. Plaintiff contends, and the greater weight of the evidence supports the fact, that plaintiff had already begun her pass and was in the left lane actively passing the bus prior to the bus crossing the centerline. This is corroborated by Ms. Thomas, who was on the bus, and testified that she saw plaintiff's vehicle on the pavement to the left of the bus in the passing lane at the time she knew the bus had not yet turned, but "was soon to turn." The plaintiff's vehicle was advanced in its pass such that it was at a position equal to the third row of seats in the bus, according to Ms. Thomas, which is when she shouted the warning to Ms. Blackmon. In her testimony, Ms. Blackmon stated that plaintiff's vehicle was off the shoulder of the road when the front left wheel of her bus crossed the centerline. Plaintiff had moved off the shoulder in an attempt to avoid the turning bus in her path.
10. The Full Commission finds that the evidence of record establishes that Ms. Blackmon began her turn while plaintiff was in the process of passing the bus. This finding is further supported by the damage to plaintiff's vehicle, which shows that the initial impact was to the right broadside of plaintiff's vehicle, and not the front of her vehicle. Thus, plaintiff's vehicle had to have begun passing the bus well before the bus turned in order for the bus to have turned into the right side of plaintiff's vehicle. Ms. Blackmon testified that she was aware plaintiff was following the bus, but it is unclear from the testimony whether Ms. Blackmon looked to confirm plaintiff's position before making her turn.
11. A motor vehicle driver has a duty to first see that a turn can be made in safety before turning from a direct line. The failure to look for passing vehicles before making a left turn is a breach of such duty and evidence of negligence. The Full Commission finds that the greater weight of the evidence supports the finding that Ms. Blackmon, the driver of the bus and defendant's agent, was negligent in failing to look for passing vehicles before making a left turn.
12. After the accident, Ms. McLean talked to the bus driver and Ms. Thomas, who each testified that plaintiff stated that she was running late for work. Plaintiff does not deny making such statement, but explained in her deposition that the intended meaning of the statement was that she would be late to work because of the accident.
13. Frank Darryl Barile, a licensed engineer employed by Tyner Engineering, testified in this matter. He conducted studies, took measurements, and created a video-taped re-enactment of how the accident may have occurred. His photographs, diagrams, and video were received as evidence. Mr. Barile is acknowledged as an expert in the field of engineering for purposes of accident investigation and reconstruction, and his testimony is accepted in that field.
14. Based on Mr. Barile's investigation, defendant asserts that plaintiff's actions constitute contributory negligence because plaintiff began passing in the no-passing zone, where there was insufficient sight distance. However, the Full Commission finds there to be insufficient evidence in which to find contributory negligence. Upon reviewing the video of Mr. Barile's reconstruction of the bus's turn onto Veronica Lane, the Full Commission finds that the bus likely began its left turn after the beginning point of the passing zone. Thus, it is likely that plaintiff was in the passing zone at the time of the collision, as she testified. Moreover, the accident investigation findings of Trooper J.M. Smith, the officer dispatched to the accident site just following the collision, contradict the findings of Mr. Barile. Neither the bus nor plaintiff's vehicle had been moved when Trooper Smith arrived at the accident site. Trooper Smith took into account the passing zone on his sketch of the accident. Based upon his observations of the accident scene, Trooper Smith did not find that plaintiff had made an illegal or improper pass that was outside of the passing zone. Thus, there is insufficient evidence by which to find plaintiff was contributorily negligent.
15. In the alternative, even if the Commission were to find that plaintiff began to pass the bus before reaching the passing zone, such act, in and of itself, would not constitute contributory negligence. In order to be found contributorily negligent, plaintiff's negligence would need to be a proximate cause of the collision. The act of passing another vehicle outside of a passing zone is negligent because it deprives the driver of the ability to see approaching vehicles. It is reasonably foreseeable that a driver may encounter an approaching or on-coming vehicle when attempting a pass. However, it is not reasonably foreseeable that the car traveling in front of a passing vehicle would make a left turn into the passing vehicle's path. In the instant case, because plaintiff could not have reasonably foreseen that the bus in front of her would make a sudden left turn, her negligence, if any, cannot be found to be a proximate cause of the collision. Thus, even if the Commission were to find that plaintiff began to pass the bus before reaching the passing zone, such act would not constitute contributory negligence because the act was not the proximate cause of the collision.
16. In finding that defendant's agent, Lavanda Blackmon, was negligent, and that plaintiff was not contributorily negligent, the Full Commission deems it appropriate to remand this matter to a deputy commissioner for the taking of additional evidence or further hearing, if necessary, and the entry of an Opinion and Award with findings regarding the compensatory damages that plaintiff is entitled to recover.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Acts, negligence is determined by the same rules applicable to private parties. Bolkir v. N.C. State Univ.,321 N.C. 706, 365 S.E.2d 989 (1988).
2. Plaintiff has shown that the damages she sustained were the proximate result of a negligent act of Lavanda Blackmon, a state employee acting in the course and scope of her employment as a school bus driver for defendant. N.C. Gen. Stat. § 143-291.
3. Under N.C. Gen. Stat. 20-154(a), a motor vehicle driver, before turning from a direct line, is required to first see that such movement can be made in safety. Church v. Greene, 100 N.C. App. 675, 397 S.E.2d 649
(1990). The failure to look for a following or passing vehicle before beginning the left turn is evidence of the negligent violation of the statute. Id. Plaintiff sustained compensatory damages related to a motor vehicle accident caused by Ms. Blackmon, who failed to use due diligence and care in upholding her duty to the driving public to first see that a turn can be made in safety before turning from a direct line. Id. Thus, Ms. Blackmon, as an agent for defendant, failed to exercise due care in the performance of a legal duty owed to plaintiff under the circumstances. Bolkir at 900.
4. The evidence of record fails to establish that plaintiff was contributorily negligent. N.C. Gen. Stat. § 143-291 et seq.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. This matter is hereby remanded to Chief Deputy Commissioner Stephen T. Gheen for assignment to a Deputy Commissioner for the taking of additional evidence or further hearing, if necessary, and the entry of an Opinion and Award with findings regarding the compensatory damages that plaintiff is entitled to recover.
2. Defendant shall pay costs.
This 10th day of December 2004.
 S/_____________ PAMELA T. YOUNG VICE CHAIR
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER